471 P.2d 168

**Richard J. REES, Plaintiff and Appellant,**

v.

**John W. TURNER, Warden, Utah State Prison, Defendant and Respondent.**

**No. 11637.**

Supreme Court of Utah.

July 1, 1970.

**350**

Richard J. Rees, pro se.

Vernon B. Romney, Atty. Gen., Lauren N. Beasley, Asst. Atty. Gen., Salt Lake City, for respondent.

TUCKETT, Justice.

The plaintiff has appealed from a denial by the district court of his petition for a writ of habeas corpus.

The plaintiff and one Keith Nielson were charged in the district court of Utah County with the crime of grand larceny. During the trial of Rees for that offense, Keith Nielson was present apparently for the purpose of testifying on behalf of Rees. Nielson was represented by an attorney but the attorney was not present during the proceedings against Rees. The trial court was of the opinion that Nielson should be warned as to the consequences of his testifying, and the court proceeded to advise Nielson of his right to remain silent, and that if he did testify, his testimony might be used against him. The record of those proceedings would indicate that Rees, through his counsel, had, prior to the court's admonition to Nielson, elected not to call Nielson as a witness and the court was so informed. It is the contention of the plaintiff here, as well as in the trial of these proceedings in the district court, that he was denied the right to essential

witnesses to testify in his behalf by reason of the court's admonition to the witness Nielson.

We are of the opinion that the plaintiff's claim of error is without merit, and moreover, it is not the type of error that can be raised in a petition for a writ of habeas corpus, but only on appeal from the original conviction.[1]

The decision of the district court is affirmed.

CROCKETT, C. J., and CALLISTER, HENRIOD and ELLETT, JJ., concur.

---

1. Clark v. Turner, 15 Utah 2d 83, 387 P.2d 557; Bryant v. Turner, 19 Utah 2d 284, 431 P.2d 121; Brown v. Turner, 21 Utah 2d 96, 440 P.2d 968.