493 P.2d 1278

Gordon R. ANDREASON, Plaintiff
and Appellant,

v.

John W. TURNER, Warden Utah State
Prison, Defendant and Respondent.

No. 12564.

Supreme Court of Utah.

Feb. 17, 1972.

6. In re Macfarlane, 10 Utah 2d 217, 350 P.2d 631.

upon a jury verdict, of the crime of robbery and sentenced to the penitentiary. His motion for a new trial was denied on June 27, 1969; he filed an appeal on October 1, 1969, which was dismissed by this court on March 10, 1970, for lack of jurisdiction.

In his petition before the district court, plaintiff asserted three points: (1) He was denied a fair trial by the failure of the court to give an instruction on the defense of alibi, when there was substantial evidence to support the same. (2) The failure of defense counsel to request an instruction on alibi constituted a denial of effective counsel and thus deprived plaintiff of a fair trial. (3) Plaintiff was denied due process of law by his not being personally present at the time the trial court denied his motion for a new trial.

Habeas corpus is not a substitute for appellate review. After an accused has been convicted of a crime, any claimed error or defect is required to be corrected by appeal within the time provided by law; otherwise, the judgment is final. Such a judgment is subject to a collateral attack by an extraordinary writ only where there exists no jurisdiction or authority over the one restrained, or where the requirements of the law have been so ignored or distorted that the party has been substantially denied due process of the law, or where some other circumstance exists that it would be

Jimi Mitsunaga, Salt Lake City, for plaintiff and appellant.

Vernon B. Romney, Atty. Gen., Lauren N. Beasley, Asst. Atty. Gen., Salt Lake City, for defendant and respondent.

CALLISTER, Chief Justice:

Plaintiff appeals from a denial of his petition for a writ of habeas corpus in the district court. Plaintiff was convicted,

wholly unconscionable not to re-examine the conviction.[1]

■ It would perhaps be of benefit to reiterate the standard set forth in Alires v. Turner,[2] by reason of the frequency with which it is urged upon this court that an accused was denied due process of law on the ground that he was not represented by competent counsel. The accused is entitled to the assistance of a competent member of the Bar, who shows a willingness to identify himself with the interests of the defendant and present such defenses that are available to him under the law and consistent with the ethics of the profession. This requirement is not fulfilled by a sham or pretense of an appearance in the record, by an attorney, who manifests no real concern about the interests of the accused.

■ In the instant case, defense counsel filed his notice of alibi and presented the testimony of these witnesses at the trial. His omission of a request for an instruction on alibi may have been an oversight or a matter of strategy after evaluating the testimony of the alibi witnesses. Nevertheless, a review of the record negates a conclusion, as expressed by plaintiff, that defense counsel's representation was tantamount to a sham or pretense of an appearance in the record with no real concern about the interests of his client.

Plaintiff's claim of error in the instant appeal is without merit; furthermore, the type of error asserted cannot be raised in a petition for a writ of habeas corpus but only on an appeal from the original conviction.[3]

The order of the district court denying plaintiff's petition is affirmed.

TUCKETT, HENRIOD, ELLETT and CROCKETT, JJ., concur.

---

1. Bryant v. Turner, 19 Utah 2d 284, 286–287, 431 P.2d 121 (1967); Sullivan v. Turner, 22 Utah 2d 85, 87, 448 P.2d 907 (1968).

2. 22 Utah 2d 118, 121, 449 P.2d 241 (1969).

3. Rees v. Turner, 24 Utah 2d 349, 351, 471 P.2d 168 (1970).