**STATE of Utah, Plaintiff and Respondent,**

v.

**James Eldon McNICOL, Defendant
and Appellant.**

**No. 14449.**

Supreme Court of Utah.

Aug. 25, 1976.

Sumner J. Hatch and L. E. Richardson, of Hatch, McRae & Richardson, Salt Lake City, for defendant-appellant.

Vernon B. Romney, Atty. Gen., Earl F. Dorius, Asst. Atty. Gen., Salt Lake City, for plaintiff-respondent.

MAUGHAN, Justice.

Defendant appeals from his conviction by a jury of the crime of murder in the second degree. His sole ground for appeal is that his representation by appointed counsel was so inadequate as to violate his right to counsel as guaranteed by Article I, Section 12, Constitution of Utah, and by the Sixth and Fourteenth Amendments, United States Constitution. We sustain the conviction.

Prior to midnight on July 23, 1975, defendant strangled his girl friend. According to defendant, he left the body of deceased on the floor for approximately thirty minutes; then he undressed her and put her in the bed. He slept on the couch in the living room; the following day he visited friends and relatives. On the evening of the 24th, he mentioned to a relative that he had killed his friend. He was urged to go to the police. He reported the occurrence, and after investigation he was arrested. After being fully apprised of his rights, defendant made a complete confession which was transcribed. After reading his statement, defendant made several corrections and signed the statement.

Counsel was appointed for defendant. Counsel filed a motion for a change of venue for the preliminary hearing and represented defendant there. Defense counsel filed a plea of not guilty and not guilty by reason of insanity. He further filed a pleading to inquire into the sanity of defendant; whereupon defendant was sent to the Utah State Hospital for a period in excess of thirty days for a psychiatric evaluation.

At the trial, defendant's confession was admitted into evidence. Two psychiatrists from the hospital testified extensively; they explained the tests they had administered, their diagnosis of defendant's personality disorder, and their opinion that at the time of the crime defendant knew his act was wrongful, and that he could have conformed his behavior to the standards of society. Defendant testified in his own behalf claiming the victim had swung a broom at him prior to his killing her.

On appeal, the following factors are cited to sustain his allegations of incompetency of counsel:

(1) The trial period was brief, lasting from 9:00 a. m. to 4:45 p. m., at which time the jury retired to render their verdict. The verdict was returned at 5:27 p. m.

(2) Defense counsel asserted only one objection to 165 leading or suggestive questions; however, defendant concedes many of these were preliminary questions.

(3) The direct examination of defendant was brief and failed to probe adequately matters important to possible defenses. Counsel further failed to counter adverse impressions created on cross-examination by redirect examination of defendant.

(4) Defense counsel did not pursue matters, which should have been pursued, viz.,

Why did not defendant seek help after he realized the victim was dead? When the psychiatrist made a reference to the defendant's use of drugs and alcohol why did not counsel probe further in this regard?[1]

(5) There was no objection asserted to the twenty exhibits introduced into evidence. While defendant concedes none of the exhibits appears prejudicial, he insists several objections could have been asserted on technical grounds.

This court has previously held the right of the accused to have counsel is not satisfied by a sham or pretense of an appearance in the record by an attorney who manifests no real concern about the interests of the accused. He is entitled to the assistance of a competent member of the Bar, who shows a willingness to identify himself with the interests of the accused and present such defenses as are available under the law and consistent with the ethics of the profession.[2]

A defendant bears the burden of establishing the inadequacy or ineffectiveness of counsel, and proof of such must be a demonstrable reality and not a speculative matter.

The record must establish that counsel was ignorant of the facts or the law, resulting in withdrawal of a crucial defense, reducing the trial to a "farce and a sham."[3]

In *People v. Martinez*[4] the court cited the vital distinction between those cases where counsel failed to make a careful factual and legal investigation necessary for a constitutionally adequate defense and those wherein counsel, after making such an investigation, decides for tactical or strategic reasons, which from benefit of hindsight may appear wise or unwise, not to utilize the fruits of his labor.

1. In his confession defendant stated he had consumed no drugs but aspirin, and had drunk only three bottles of beer.

2. *Alires v. Turner*, 22 Utah 2d 118, 449 P. 2d 241 (1969); *Andreason v. Turner*, 27 Utah 2d 182, 493 P.2d 1278 (1972).

3. *People v. Martinez*, 14 Cal.3d 533, 121 Cal.Rptr. 611, 535 P.2d 739, 742 (1975).

4. Note 3, supra.

The instant case, the acts cited by defendant to sustain his allegation of incompetency, falls within the ambit of an attorney's legitimate exercise of judgment, as to trial tactics or strategy.[5] There is no basis to hold counsel was so inept the proceedings became a farce, or a sham. Defendant's conviction was a result of the evidence establishing his guilt beyond a reasonable doubt.

HENRIOD, C. J., and ELLETT, CROCKETT and TUCKETT, JJ., concur.

---

5. *State v. Farni,* 112 Ariz. 132, 539 P.2d 889 (1975).