**Prevace MOSS, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 4389.**

Supreme Court of Alaska.

Dec. 5, 1980.

Carney W. Mimms, III, Nangle, Clark & Mimms, Anchorage, for appellant.

Mary Anne Henry, Asst. Dist. Atty., Larry R. Weeks, Dist. Atty., Anchorage, Avrum M. Gross, Atty. Gen., Juneau, for appellee.

Before RABINOWITZ, C. J., CONNOR, BURKE and MATTHEWS, JJ., and DIMOND, Senior Justice.

## OPINION

BURKE, Justice.

Prevace Moss was convicted of rape. In this appeal he challenges (1) the superior court's refusal to allow him to call the alleged victim's husband to the stand, on grounds of the marital privilege, and (2) the court's purported failure to compel another witness to testify, when called by the defense. ·

The state's case centered around the testimony of the alleged victim. She testified that she had been picked up by Moss and another man while hitchhiking to work at approximately 10:30 p. m. Instead of being taken to work, she testified she was taken to a remote area of Anchorage International Airport and forcibly raped in the backseat of the car. Moss admitted the act of intercourse, but claimed in his testimony that it was performed with the victim's consent. The jury necessarily chose between these two versions of the incident.

The prosecution supported the victim's testimony with that of six other witnesses. A co–worker saw the victim shortly after the incident; she was crying and said she had been raped. One side of her blouse was outside her pants.

An airport policeman located Moss and another man in a vehicle in a restricted area of the airport shortly after the alleged rape. The vehicle and its occupants matched a description given to him by his radio dispatcher. He also observed the victim and stated, "She was upset. She had been crying and was crying. Her eyes were red and her hair was messed up and her clothes were torn ... She had on a pair of slacks and the crotch was torn out of them."

Two anchorage police officers also saw the victim shortly after the incident. Their testimony also indicated that she was upset, and that her eyes were red. They also noted a scrape on the side of her face.

The doctor who examined the victim at the hospital, where she was taken for treatment shortly after the incident, also testified. Dr. Georgene Moldovan testified that her examination disclosed a one to two inch abrasion next to the victim's right eye and a swelling at the top of her head. A pelvic examination showed the victim had small lacerations which were bleeding as well as multiple small abrasions. Dr. Moldovan testified that "the examination was consistent with forcible entry or nonconsensual intercourse, based on the extent of the injuries."

A special agent of the Federal Bureau of Investigations examined various items of clothing sent to him by local police. He testified that he found human blood on a pair of slacks, a pair of men's undershorts, and a pair of women's panties. He further testified that each of these items bore traces of human semen. The blood on the slacks and men's undershorts proved to be Type O, the same as that of Moss. Testing of the blood found on the panties was inconclusive as to type.

## I

The defense sought to impeach the victim's testimony in two ways. First, it asked to call the victim's husband to the stand. The state objected on grounds of marital privilege of a spouse to prevent the other spouse from testifying against him or her. *See* Alaska R.Evid. 505(a). The court sustained the objection. The state now concedes that the witness' testimony was not barred by the marital privilege, and that the court thus erred in excluding it on this basis since the victim was neither the accused in a criminal case nor a party in a civil action. *Salazar v. State*, 559 P.2d 66, 77 (Alaska 1976). The state argues, however, that the court's ruling should still be upheld, since this evidence was inadmissible on other grounds. *Stordahl v. Government Employees Ins. Co.*, 564 P.2d 63, 67 n.16 (Alaska 1977).

In support of his request that he be allowed to call the husband to the stand, counsel made the following offer of proof:

I ... want to put the husband on to testify that she once smoked marijuana on a regular basis with her husband and secondly that she had hitchhiked between 15 and 20 times ... to impeach her credibility.

This evidence, according to Moss' brief, was offered to impeach the victim's trial testimony that she had hitchhiked only once before, and that she did not use marijuana on a regular basis.[1]

However, counsel failed to lay a foundation for the introduction of the alleged prior inconsistent statements. At the time of trial, Civil Rule 43(g)(11)[c][2] required that the witness be told of the prior statement and asked to admit or explain it.[3] While the rule requiring such a foundation "should not be mechanically applied in every instance," as, for example, "where the court is dealing with the testimony of a child of tender years," *McMaster v. State*, 512 P.2d 879, 882 (Alaska 1973), we see no reason to excuse the failure to lay a proper foundation in this case.

■ Moreover, the areas that counsel sought to explore through the husband's testimony were plainly collateral in nature. The central issue in the case was whether the victim consented to have intercourse with Moss. The facts that she may have been a regular marijuana user,[4] or have

---

**1.** The state had sought, and had been granted, a protective order to prevent testimony concerning the victim's sexual conduct after the rape, specifically whether she had engaged in intercourse three to four days after the incident. Counsel recognized he was prevented by the protective order from offering the husband's testimony on this issue, and the propriety of the order has not been challenged on appeal.

We also agree with the trial court that such testimony was irrelevant. The prosecution in a rape case need not, and did not here, attempt to show that the victim suffered severe injuries. The purported fact that she engaged in intercourse after the rape therefore is irrelevant to a decision as to whether a rape occurred.

**2.** Rule 43(g)(11)[c], Alaska R.Civ.P., applicable by reason of former Rule 26, Alaska R.Crim.P., provided as follows:

*Prior inconsistent statements.* A witness may be impeached by evidence that he has made at other times statements inconsistent with his present testimony. The statements must first be related to him, with the circumstances of times, places, and persons present, and the witness shall be asked whether he has made such statements, and, if so, shall be allowed to explain them. If the statements are in writing, they shall be shown to the witness before he is asked any question concerning them.

**3.** Alaska R.Evid. 613(b) replaced Civil Rule 43(g)(11)[c]. The commentary to the new rules explains that the new rule relaxes some aspects of the foundation requirement and states, "While fairness and efficiency generally are promoted by laying a foundation, this rule recognizes that at times the requirement must be modified or waived in the interests of justice." Commentary, Alaska R.Evid. 613(b) at 188. This is entirely consistent with the past decisions of this court. *See, e. g., McMaster v. State*, 512 P.2d 879 (Alaska 1973).

**4.** Moss does not contend that the victim was under the influence of marijuana at the time of the alleged rape or at the time of trial. Had there been such evidence, it might have been relevant to the victim's ability to perceive and testify concerning the events in question, and therefore admissible. *Fields v. State*, 487 P.2d 831, 844–45 (Alaska 1971). Nor do we find any indication in the record that use of drugs would be suggestive of bias, as was the case in *Fields*.

hitchhiked more than once, were not pertinent to the main issue of consent. While Moss could properly seek to question the victim's credibility, the established rule is that this may not be done by extrinsic evidence on a collateral matter. *Fields v. State*, 487 P.2d 831, 846 (Alaska 1971). If the rule were otherwise, much time would be wasted determining facts of little consequence to the case and juries would be easily distracted from the main task before them. *See generally* C. McCormick, Law of Evidence § 47, at 98 (2d ed. 1972) and Alaska R.Evid. 403.

Since the husband's testimony could properly have been excluded on these grounds, we affirm the court's ruling. *Rutherford v. State*, 605 P.2d 16, 21 n.12 (Alaska 1979).

Moss' second claim of error concerns the court's failure to compel another witness to testify. That witness, according to Moss, would have testified that the witness and the victim engaged in a separate act of sexual intercourse sometime before the date of the alleged rape. The witness, like Moss, is black. His testimony was intended to establish a motive for the victim to testify falsely that she had been raped by Moss. According to Moss, the victim told other potential witnesses, after the alleged rape, that she was pregnant. Moss theorizes that by blaming her pregnancy on him she could explain how she became pregnant by a black man. In light of AS 12.45.045 [5] the trial court was understandably skeptical about allowing this theory to be the basis for testimony as to prior sexual conduct of the victim. However, the court proceeded to allow counsel to call the witness to the stand outside the presence of the jury, as required by statute. The witness refused to be sworn. Moss' attorney asked the court to hold the witness in contempt, but the court refused and offered to allow counsel to confer with the witness. Counsel then asked for a five minute recess. At the conclusion of the recess, counsel made no further mention of the witness or his proposed line of inquiry and rested his case.

Moss now argues that the court should have compelled the witness to testify and that its failure to do so violated Moss' constitutional rights to due process and to confrontation, and that the court's failure to hold a hearing concerning the proposed sexual conduct testimony is plain error. We find these contentions unpersuasive in light of counsel's failure to renew his request that the witness be compelled to testify after the recess. While the court did express a reluctance to compel the testimony before the recess, we believe that given the tactical reasons that may have supported a decision to withdraw the witness, it was incumbent upon counsel to renew his attempt to obtain the witness' testimony following the recess. During the recess counsel may have learned that the witness would not testify in a manner helpful to the defense and thus have decided not to proceed further with him. The court never made a final ruling that it would not compel the testimony and counsel's decision to

5. At the time of trial, AS 12.45.045 provided in part:

   *Evidence of past sexual conduct in trials of rape and assault with intent to commit rape.* (a) In prosecutions for the crime of rape and assault with intent to commit rape, evidence of the complaining witness' previous sexual conduct shall not be admitted nor reference made to it in the presence of the jury except as provided in this section. When the defendant seeks to admit the evidence for any purpose, he may apply for an order of the court at any time before or during the trial or preliminary hearing. After the application is made, the court shall conduct a hearing in camera to determine the admissibility of the evidence. If the court finds that evidence offered by the defendant regarding the sexual conduct of the complaining witness is relevant, and that the probative value of the evidence offered is not outweighed by the probability that its admission will create undue prejudice, confusion of the issues, or unwarranted invasion of the privacy of the complaining witness, the court shall make an order stating what evidence may be introduced and the nature of the questions which shall be permitted. The defendant may then offer evidence under the order of the court. Effective January 1, 1980, the first sentence of subsection (a) was amended to substitute "sexual assault in any degree or an attempt to commit sexual assault in any degree" for "rape and assault with intent to commit rape." Ch. 166, § 18, SLA 1978.

rest his case at that point is inconsistent with the present claim of error.

The judgment is AFFIRMED.