STATE of Utah, Plaintiff and Respondent,

v.

Serhio H. GONZALES, Defendant and Appellant.

No. 17657.

Supreme Court of Utah.

Jan. 29, 1982.

David L. Wilkinson, Atty. Gen., Salt Lake City, for defendant and appellant.

Daniel A. Stanton, Salt Lake City, for plaintiff and respondent.

## PER CURIAM:

The defendant in this case was convicted by a jury of an attempted rape [1] on an 8-year old minor. As counsel for the indigent defendant, the court appointed an attorney from the County Criminal Defense Program, who was an experienced, well-known member of the Bar in good standing. Defendant fired him after he had represented defendant for about four months at preliminary and pretrial hearings. Defendant thereupon hired private counsel with the financial aid of friends and family, sometime at least 13 days before the trial date. The new counsel filed and argued five motions for defendant, three of which were denied.

The defendant urges on appeal that even though he professed his innocence all along, he was denied 1) his Fourteenth Amendment constitutional right of "due process," 2) his Sixth Amendment right of counsel, 3) his right to plead an "alibi" defense, and 4) a new trial, based on alleged newly discovered evidence.

■ All of the points urged are without merit. All are urged because of an apparently unwarranted assumption that defendant's appointed counsel was incompetent. Such incompetence was not voiced by the defendant to the trial court, and is not reflected in the record by affidavit, or any other sworn-to pleading. The record shows that defendant's new counsel filed an appearance on March 2, and that previous counsel filed a withdrawal on March 3. The only places in the file claiming incompetence of defense counsel are in a brief

prepared and filed and in a motion for continuance by defendant's new and compensated counsel. The only claim of incompetence was a voluntary, unsworn assertion in the motion to the effect that defendant's first counsel urged defendant to plead guilty to a lesser charge involving a lesser penalty. Defendant refers to no page in the record showing his first counsel to be incompetent as painted, and hindsight indicates that had defendant taken the advice to plead guilty, he would have fared better than he did by going to trial.

■ The errors claimed being based on a speculative unsworn statement and found to be an unsupported opinion as to the competence of a fellow member of the Bar should be sufficient to affirm this case. However, irrespective of such conclusion and assuming all that was said about defendant's initial counsel and independently thereof, an examination of the record discloses no error as to any alleged constitutional departures, lack of sufficient time for preparation, or assertion of an alibi, and certainly not as to claim of newly discovered evidence. All such matters were resolved by the discretionary prerogative of the trial court. Neither singly, nor in the aggregate do such claims rise to the degree of prejudiciality that would warrant a reversal. Therefore, we affirm the jury's verdict and the ensuing judgment.

HOWE, Justice (concurring in the result):

I concur in the result. First, appointed defense counsel's representation in the pretrial stages of the case did not fall to the level of a denial of due process but was within the broad ambit of a "legitimate exercise of judgment as to trial tactics or strategy." *State v. McNicol,* Utah, 554 P.2d 203 (1976). Furthermore, any deficiency in preparation by first counsel was cured by the retention of new second counsel in advance of trial.

Secondly, denial of defendant's motion for a continuance did not prohibit him from having effective assistance of counsel. The granting of a continuance is within the

---

1. In violation of U.C.A., 1953, 76–5–402(2).

sound discretion of the trial court. *State v. Moosman*, Utah, 542 P.2d 1093 (1975). While the indefiniteness of the information furnished by the prosecution before the trial as to when the alleged offense occurred would have persuaded me to have been more liberal in giving defense counsel more time to investigate and prepare an alibi or other defenses, I cannot say the trial court's denial of a continuance was an abuse of discretion. Defense counsel prepared five motions within a week of his appointment. He filed a motion for a bill of particulars on the same day he entered an appearance, nine days before trial. And with the exception of learning an exact date as to when the crime occurred (which was never furnished him), information to prepare an alibi was within defendant's own knowledge.

Thirdly, consideration of an alleged improper jury instruction is foreclosed by counsel's failure to object to it at trial; neither does justice demand its consideration in view of the evidence in the record against defendant.

Finally, denial of defendant's motion for a new trial lies within the discretion of the trial court, *State v. Bundy*, Utah, 589 P.2d 760 (1978), cert. den., 441 U.S. 926, 99 S.Ct. 2039, 60 L.Ed.2d 401 (1979), and there was no abuse of discretion in that regard. In view of the victim's testimony, the defendant's contradiction in his own testimony in reference to the victim, his admission of having lied about his immigrant status, and his vagueness in alibi testimony, it is highly unlikely that cumulative alibi testimony which he desired to present upon a new trial would have produced a different result.