STATE of Utah, Plaintiff and Respondent,

v.

Joseph J. ROYBALL, Defendant and Appellant.

No. 18600.

Supreme Court of Utah.

Sept. 21, 1984.

Thomas McCormick, Salt Lake City, for defendant and appellant.

David L. Wilkinson, Atty. Gen., Salt Lake City, for plaintiff and respondent.

PER CURIAM:

This appeal is from a conviction of attempted robbery.[1] The sole point on ap-

---

**1.** In violation of U.C.A., 1953, §§ 76-4-101 and 76-6-301.

peal is insufficiency of the evidence to prove intent.

On March 9, 1982, at approximately 3:00 a.m., defendant entered a 7–11 convenience store. An employee, Criswell, was near the counter stacking groceries, and the assistant manager, McLaughlan, was in the rear, apparently out of sight. Defendant handed Criswell a note that read: "I have a gun. Give me all your money or I will use it. Thanks." After reading the note, Criswell looked up to see defendant standing with his hand in his pocket, pointing it toward Criswell. Unsure as to whether defendant actually had a gun, Criswell read the note a second time. Defendant, becoming impatient, told Criswell to hurry, stating, "I mean it. I'll use it." Criswell took the note to McLaughlan, who was at first amused, disbelieving that a robbery was ongoing. After he saw defendant with his hand in his pocket, waving it around, McLaughlan decided to call the police. Criswell said he was trying to divert defendant's attention, and so he told defendant, "You have to get the money from Jerry [McLaughlan] because he has it." At this time, defendant turned toward McLaughlan, who was calling the police at a nearby phone. Criswell grabbed defendant from behind and threw him to the floor. The employees and police testified that at the time the officers arrived, defendant appeared coherent and had no odor of alcohol on his breath or other suggestion of intoxication. No customers were in the store for several minutes prior to the incident, nor did any enter the store during the time of the incident.

There was testimony that Criswell and McLaughlan at first thought the whole thing was a hoax and laughed about it. The defense points to this as indicative of a lack of intent on the part of defendant to carry out the crime.

Defendant desired to testify on his own behalf, apparently without his counsel's approval. Counsel asked if defendant had heard the previous testimony and told him he need not take the stand. When asked if he understood that he was waiving his right to remain silent, defendant responded, "I give it up. I want to say something." Defendant then explained that he could not remember the incident, that he had been taking medication, and that he remembered being in a bar and seeing some lights at a big or little store. He also said he did not think he wrote the note in evidence and claimed that on the night in question he saw himself outside his body.

■ Before this Court, the defendant contends that the evidence is insufficient to support the verdict. Where a claim of insufficient evidence is made, our task is very limited. When we review the evidence and the inferences reasonably drawn therefrom, we do so in the light most favorable to the jury's verdict. *State v. Lamm,* Utah, 606 P.2d 229, 230 (1980); *see State v. Linden,* Utah, 657 P.2d 1364, 1366 (1983). "We reverse a jury conviction for insufficient evidence only when the evidence, so viewed, is sufficiently inconclusive or inherently improbable that reasonable minds must have entertained a reasonable doubt that the defendant committed the crime of which he was convicted." *State v. Petree,* Utah, 659 P.2d 443, 444 (1983); *see, e.g., State v. McCardell,* Utah, 652 P.2d 942, 945 (1982). Under this standard, we cannot say that the evidence presented was insufficient to support the verdict.

■ Defendant mistakenly relies on *State v. Castonguay,* Utah, 663 P.2d 1323 (1983), arguing that the State failed to prove beyond a reasonable doubt that defendant intended to commit the robbery. In *Castonguay,* the defendant was convicted of attempted first degree murder. The evidence adduced at trial was that the police heard him fire a shot, but no one saw him aim. The defendant's conviction was set aside because there was neither direct nor circumstantial evidence, at least one of which is necessary to sustain the attempted first-degree conviction, of intent to kill anyone. Defendant, in urging a similar reversal here, points to cautionary language in *Castonguay:* "[T]he act in itself does not raise the presumption that it was done with the specific intent required to prove the offense. All the circumstances, when taken together, must admit of no other reason-

able hypothesis than that of guilt to warrant conviction." *Id.* at 1326. *Castonguay* is good law, but it does not apply here. In *Castonguay,* the State proved only that defendant fired his rifle. In the instant case, both direct and circumstantial evidence supported the jury's conclusion that defendant had the requisite intent to commit a robbery.

Affirmed.