The STATE of Utah, Plaintiff and Respondent,

v.

Dennis A. HEAPS, Defendant and Appellant.

No. 19254.

Supreme Court of Utah.

Aug. 12, 1985.

Lisa J. Remal, Salt Lake City, for defendant and appellant.

David L. Wilkinson, Atty. Gen., Earl F. Dorius, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

HALL, Chief Justice.

Dennis A. Heaps, defendant, appeals his conviction of possession of a dangerous weapon by a restricted person, a second degree felony, in violation of U.C.A., 1953, § 76–10–503 (1978 ed.). Heaps contends that testimony about a prior inconsistent statement of a prosecution witness was improperly excluded as hearsay, that the gun he was charged with possessing was the fruit of an illegal arrest and search and should have been suppressed, and that there was insufficient evidence to support his conviction.

On the evening of January 25, 1983, Salt Lake City Police Officer Henry Huish stopped a truck after observing the driver make an improper lane change. In searching the truck, Huish found a loaded .38 caliber automatic pistol underneath the seat of the cab, about 12 to 18 inches from the passenger door, where Heaps had been sitting when the truck was stopped. Huish questioned the occupants of the truck about the gun. David McCoy, the driver of the truck, told Huish that earlier Heaps had had the gun tucked in his waistband. According to Huish, Mike Perry, a passenger in the truck, also told the officer that Heaps had had the gun. At trial, however, Perry testified he told Huish he had never seen the gun.

Huish arrested Heaps on the charge of possession of a dangerous weapon by a restricted person. Heaps was then on parole from the Utah State Prison for a burglary conviction.

Subsequently, the gun was identified as belonging to Brian Hargett. Two days prior to Heaps' arrest, Hargett had cleaned the gun and put it beneath the mattress of his bed. The bedcovers were left pulled away, exposing the gun handle. That night, Heaps had visited Hargett's apartment. While there, Heaps had passed through the bedroom to use the bathroom.

At trial, defense counsel elicited testimony from Perry that, after Heaps had been arrested and the other occupants of the truck released, McCoy indicated to Perry that Heaps was not the owner of the gun. The State's objections to this testimony were sustained by the trial judge, who was the trier of fact. Thus, the testimony was apparently not considered in determining Heaps' guilt or innocence of the charge.

Huish testified at trial about the events leading to the arrest of Heaps, including the discovery of the gun in the search of the truck. The details of the discovery of the gun were elicited on both direct and cross-examination. After this testimony was given, the State moved for admission of the gun into evidence. Defense counsel objected on the ground that the gun was

the fruit of an illegal stop and search. The trial court overruled the objection and received the gun in evidence.

■ Defendant first contends that the testimony of Perry about McCoy's statement to Perry after Heaps' arrest was improperly excluded as hearsay because McCoy's statement was a prior statement inconsistent with McCoy's trial testimony and thus admissible as an exception to the hearsay rule. Rule 63(1)(a) of the Utah Rules of Evidence [1] provides:

> Evidence of a statement which is made other than by a witness while testifying at the hearing offered to prove the truth of the matter stated is hearsay evidence and inadmissible except:
>
> (1) Prior Statements of Witnesses. A prior statement of a witness, if the judge finds that the witness had an adequate opportunity to perceive the event or condition which his statement narrates, describes or explains, provided that (a) it is inconsistent with his present testimony....

In addition, however, Rule 22(a) [2] provides that:

> As affecting the credibility of a witness ... extrinsic evidence of prior contradictory statements, whether oral or written, made by the witness, may in the discretion of the judge be excluded unless the witness was so examined while testifying as to give him an opportunity to identify, explain or deny the statement....

Before Perry testified, McCoy took the stand. McCoy was not questioned about his prior statement to Perry on either direct or cross-examination. Thus, McCoy was not given an opportunity to identify, explain, or deny the prior statement, and Perry's testimony about the statement was properly excluded.[3]

■ Defendant next contends that the trial court erred in receiving in evidence the gun defendant was charged with possessing because the gun was the fruit of an illegal arrest and search. We find it unnecessary to reach the issue of whether the gun was inadmissible as illegally obtained evidence because defendant waived any right to the suppression of such evidence by failing to raise the issue in a timely manner. First, defendant made no pretrial motion to suppress as required by Rule 12 of the Utah Rules of Criminal Procedure.[4] More importantly, however, defendant did not object to Officer Huish's extensive testimony regarding the gun. For example, Officer Huish testified without objection by defense counsel:

> A   After they got out of the truck, I looked into the truck and saw a firearm under the right front seat of the truck.
>
> Q   Whereabouts under—
>
> A   It was pushed back just barely beyond the lip of the seat in the right front.
>
> Q   ... [W]as it a bench seat?
>
> A   It was.
>
> Q   And using the passenger side door as a point of reference, how far down the bench seat toward the driver's side door was the gun located underneath?
>
> A   Oh, I would say 12 to 18 inches.
>
> Q   Describe the gun, what it looked like under the seat.

---

**1.** Former Rule 63(1)(a) was in effect at the time of defendant's trial, but has since been superseded by Rule 801(d)(1)(A) of the Utah Rules of Evidence (effective September 1, 1983). Rule 801(d)(1)(A) provides that prior inconsistent statements are not hearsay.

**2.** Former Rule 22(a) was in effect at the time of defendant's trial, but has since been superseded by Rule 613(b) of the Utah Rules of Evidence (effective September 1, 1983).

**3.** *See Requa v. Daly-Judge Mining Co.,* 46 Utah 92, 97–99, 148 P. 448, 450–51 (1915); *Larkin v.*

*Saltair Beach Co.,* 30 Utah 86, 98, 83 P. 686, 690 (1905) (recognizing rule). *See also, Moss v. State,* Alaska, 620 P.2d 674, 676 (1980) (testimony of alleged rape victim's husband properly excluded because counsel failed to lay foundation for introduction as prior inconsistent statement by giving witness opportunity to admit or explain it); *Bossi v. State,* 119 Cal.App.3d 313, 324, 174 Cal.Rptr. 93, 99–100 (1981); *Engelbert v. Flanders,* Mo.App., 670 S.W.2d 19, 21 (1984); *J.V. Harrison Truck Lines v. Larson,* Tex.App., 663 S.W.2d 37, 41 (1983).

**4.** U.C.A., 1953, § 77–35–12 (1982 ed.).

A   It was a black in color automatic pistol with wood grips in a leather holster.

. . . .

Q   And do you recall whether the weapon was loaded or not?

A   The clip contained five rounds of semi-jacketed hollow point .380 caliber ammunition.

. . . .

Q   Now, what occurred after you removed the firearm from underneath the seat as you so described?

A   I talked with each of the occupants of the vehicle and inquired of them who the gun belonged to and how it got there and what it was doing there.

. . . .

Q   Did you have a discussion with [Heaps]?

A   Yes.

Q   What was that conversation, sir?

A   I had two discussions with him. One was before his arrest. I asked him if he knew anything about the gun being in the truck. He said no. After I had placed him under arrest, I gave him the Miranda warning. He said he would talk to me and I asked him again, "What do you know about the gun that was in the truck?" He stated he didn't know anything about a gun in the truck and then he asked me if it was a .380 automatic. I said yes, it is a .380 auto, and he said, "Well, it probably belongs to Brian, and he left it in the truck."

Much of the above testimony was then reiterated on cross-examination. Finally, on redirect examination, the State moved for admission of the gun, and counsel objected. In light of the extensive testimony about the gun already received, this objection was merely academic, and to have refused receipt of the gun would have had no practical significance. Thus, defendant waived any right to suppression of the gun and the related evidence he may have had

had a timely motion to suppress been made.

Finally, defendant's contention that there was insufficient evidence to support his conviction is without merit. Viewing the evidence and all reasonable inferences to be drawn therefrom in the light most favorable to the verdict, there is sufficient evidence to sustain a finding that defendant was guilty of the crime charged beyond a reasonable doubt.[5] Heaps asserts that the only evidence that supported a finding that he had possession of the gun was the testimony of McCoy; that McCoy, who was on felony probation when the gun was discovered in his car, had a strong motive to lie; and that McCoy's testimony that Heaps had the gun was impeached by Perry's testimony about McCoy's prior inconsistent statement.

■   Contrary to defendant's assertion, however, McCoy's testimony that Heaps had possession of the gun was strongly corroborated by the evidence that Heaps had the opportunity to steal the gun from Hargett only two days before the arrest. That McCoy had a motive to lie about whether he had possession of the gun does not render his testimony so incredible that it could not have been relied upon by the fact finder in determining Heaps' guilt or innocence. Since Perry's testimony about an inconsistent statement by McCoy was properly excluded from evidence, it does not impeach McCoy's testimony.

Affirmed.

WE CONCUR:

STEWART, DURHAM and ZIMMERMAN, JJ., concur.

HOWE, J., concurs in the result.

5.   *See State v. Royball,* Utah, 689 P.2d 1338, 1339 (1984); *State v. Moon,* Utah, 688 P.2d 494, 495 (1984).