The STATE of Utah, Plaintiff and Respondent,

v.

Rubin Jose GUTIERREZ, Defendant and Appellant.

No. 20305.

Supreme Court of Utah.

Jan. 16, 1986.

Frances M. Palacios, Salt Lake City, for defendant and appellant.

David L. Wilkinson, Atty. Gen., Salt Lake City, for plaintiff and respondent.

PER CURIAM:

Defendant appeals his conviction of aggravated robbery, asserting an insufficiency of evidence to establish the requisite intent. We affirm.

Upon review of the sufficiency of the evidence supporting a conviction, we will reverse only when such evidence is sufficiently inconclusive or inherently improbable that reasonable minds must have entertained a reasonable doubt that the defendant is guilty of the crime of which he was convicted. *State v. Roberts*, Utah, 711 P.2d 235 (1985); *State v. Petree*, Utah, 659 P.2d 443 (1983). Accordingly, we view the evidence, and all reasonable inferences therefrom, in the light most favorable to the verdict. *State v. Heaps*, Utah, 711 P.2d 257 (1985). So long as there is some evidence from which findings of all the requisite elements of the offense can reasonably be made, the conviction will be affirmed. *State v. Booker*, Utah, 709 P.2d 342 (1985).

Defendant was convicted of aggravated robbery for using a knife in an attempt to take property from a Mr. Garcia by the use of force and a threat of injury. U.C.A., 1953, §§ 76–6–301, –302 (1978 ed.), as amended. In his aborted attempt, defendant took a "substantial step" toward the robbery, strongly corroborative of his intent to complete the offense. U.C.A., 1953, § 76–4–101(2) (1978 ed.), as amended.

Defendant and his companion were observed with their heads under the hood of a truck which its owner, Mr. Garcia, had parked in the lot of a local restaurant. When confronted by the truck's owner, defendant walked away a short distance but then returned. Drawing a knife, defendant

demanded that Garcia hand over the keys to the truck. Garcia responded that he did not have the keys. Garcia's friend, standing nearby, was threatened not to move if she did not want Garcia to get hurt. Brandishing the knife, defendant told Garcia to lie on the ground, but the victim refused. Two or three demands were repeated at knifepoint for Garcia to hand over the truck's keys. Garcia and his friend refused to produce the keys and defendant slashed at Garcia with the knife, striking a glancing blow just under the eye. When Garcia did not fall from the blow, defendant and his companion fled the scene.

Defendant argues that his conduct is evidence of an intent to assault Garcia but not of any attempt to rob him. While the foregoing facts do evidence an assault, defendant's intent to commit robbery may also be inferred therefrom. Intent is rarely susceptible to direct proof. In determining whether defendant had an intent to commit robbery, the jury was entitled to resort to reasonable inferences based upon an examination of all the surrounding circumstances. *State v. Porter*, Utah, 705 P.2d 1174 (1985). As the trier of fact, the jury was entitled to infer from the evidence that defendant meant exactly what he said when he demanded the keys from Garcia at knifepoint. The slashing blow by defendant was also indicative of an attempt to enforce that demand, and defendant had already been observed in conduct suggestive of an attempt to hot-wire the truck.

Defendant would have us accept only the inference and conclusions to the evidence which he claims mandates acquittal. However, the inferences and conclusions which defendant chooses to draw are not the only ones reasonably supported by the evidence. Defendant presented no direct evidence to support his claimed intention or explanation of his conduct. We find that the evidence and the inferences supported by it are sufficient to uphold the verdict.

Affirmed.