STATE of Utah, Plaintiff and Appellee,

v.

Ernest Ruvel CHACON, Defendant
and Appellant.

No. 970008.

Supreme Court of Utah.

June 5, 1998.

Jan Graham, Attorney General, James H. Beadles, Assistant Attorney General, Salt Lake City, for plaintiff.

Gregory M. Constantino, Edwin S. Wall, Salt Lake City, for defendant.

Ernest Ruvel Chacon, Draper, pro se.

DURHAM, Associate Chief Justice:

Defendant Ernest Chacon appeals his conviction for aggravated robbery, claiming he received ineffective assistance of counsel in violation of the Sixth Amendment to the United States Constitution. Chacon seeks a new trial because of the following omissions on the part of trial counsel: (1) failing to file a pretrial notice of intention to rely on a voluntary intoxication defense as required by Utah Code Ann. § 77–14–4 (Supp.1997); (2) failing to adequately investigate the intoxication defense, to seek appointment of a blood alcohol expert, or to call witnesses who could testify as to Chacon's state of intoxication; (3) neglecting to verify Chacon's prior criminal convictions as set forth in the presentence report; (4) stipulating to the admission of evidence; and (5) failing to inform Chacon that he had a right to testify. We affirm.

## FACTS

In the early hours of July 5, 1996, after an evening of drinking with family members, Chacon walked into a convenience store armed with a kitchen knife and demanded that the clerk give him all the money in the cash register. Fearing for his life, the store clerk backed away from Chacon. Chacon proceeded to the cash register, where he attempted to open the register himself without success. Chacon again ordered the clerk to open the register and threatened to kill him if he did not cooperate. The clerk refused to comply with Chacon's order and instead fled from the store and called the police. Chacon, frustrated because he could not open the cash register, grabbed a case of beer and six packages of cigarettes and ran from the store.

At that moment, the store manager arrived in her car and saw Chacon leaving the store with the knife, beer, and cigarettes. The manager and Chacon exchanged threats. Chacon departed on foot, followed by the store manager in her car. After following him for approximately ten minutes, the manager returned to the store and gave a description of Chacon to the police. Based on the information provided by the store manag-

er and clerk, the police officer tracked him to his home a few blocks away, where the officer found Chacon and a friend drinking the stolen beer. As the officer approached, he observed Chacon drop something from his hand. On the ground, the officer found the knife used in the robbery.

At trial, defense counsel conceded that Chacon took the beer and cigarettes but argued that his intoxication prohibited him from forming the requisite intent for an aggravated robbery conviction. Defense counsel introduced evidence of Chacon's intoxication through the testimony of his wife, who had been with him earlier that evening. She testified that when she left Chacon at approximately 11:00 p.m. on July 4, he had been drinking heavily all day and was intoxicated. However, the store clerk testified that he did not detect any signs of intoxication. Both the store manager and the clerk identified Chacon at trial as the individual who robbed their convenience store and identified the knife as the weapon used during the robbery. The jury rejected the intoxication defense and convicted Chacon as charged.

Pursuant to Utah Rule of Appellate Procedure 23B, Chacon moved this court to remand this case to the trial court for the purpose of entering findings of fact relevant to his ineffective assistance of counsel claim. We denied that motion because the record before us was adequate to evaluate the merits of the issues raised.

## STANDARD OF REVIEW

■ Because Chacon is represented by new counsel on appeal, and because we have already determined that the record is adequate to review his claims of ineffective assistance of counsel for the first time on direct appeal, we will proceed to evaluate those claims as a matter of law. *See State v. Hovater,* 914 P.2d 37, 39 (Utah 1996) (citing *State v. Humphries,* 818 P.2d 1027, 1029 (Utah 1991)); *State v. Tennyson,* 850 P.2d 461, 466 (Utah Ct.App.1993). To establish ineffective assistance of counsel, Chacon

must meet the heavy burden of showing that (1) trial counsel rendered deficient performance which fell below an objective standard of reasonable professional judgment, and (2) counsel's deficient performance prejudiced him. *State v. Arguelles,* 921 P.2d 439, 441 (Utah 1996) (citing *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). Chacon must therefore identify specific acts or omissions that fell outside the wide range of professional assistance and illustrate that, absent those acts or omissions, there is a " 'reasonable probability' " of a more favorable result. *Parsons v. Barnes,* 871 P.2d 516, 522 (Utah 1994) (quoting *Strickland,* 466 U.S. at 694, 104 S.Ct. 2052). The proof that such omissions prejudiced Chacon must be " 'a demonstrable reality and not a speculative matter.' " *Codianna v. Morris,* 660 P.2d 1101, 1109 (Utah 1983) (quoting *State v. McNicol,* 554 P.2d 203, 204 (Utah 1976)). Because Chacon has failed to meet the burden of demonstrating any prejudice flowing from trial counsel's omissions, we affirm his conviction.

## ISSUES

■ Trial counsel failed to file pretrial notice of Chacon's intent to rely on intoxication as a defense as required by Utah Code Ann. § 77–14–4 (Supp.1997). However, because trial counsel presented evidence of, and argued, voluntary intoxication to the jury without objection from the State, and because the jury was given an instruction on the intoxication defense, Chacon suffered no prejudice as a result of his counsel's neglect. Chacon further complains that, at sentencing, his trial counsel did not verify the convictions listed in the presentence report. Chacon does not point to any inaccuracies in that report, again failing to establish prejudice from counsel's omission. In Chacon's supplemental pro se brief, he asserts that counsel did not inform him of his right to testify.[1] That omission, he argues, precluded him from offering exculpatory evidence regarding his level of intoxication. In his supplemental brief, Chacon sets forth the testimony that

---

1. Chacon concedes in his supplemental brief that he discussed testifying with trial counsel and that counsel advised him against testifying because

the jury would learn of Chacon's prior convictions.

he would have given. None of that testimony in any way negates the required mens rea for robbery or undermines our confidence in the jury's verdict. Therefore, even if Chacon's trial counsel did fail to inform him of his right to testify, that failure did not harm him. *See, e.g., Arguelles,* 921 P.2d at 441–42 (requiring that defendant demonstrate prejudice flowing from counsel's failure to inform of right to testify).

▆▆ Chacon next contends that his counsel erred in stipulating to the admissibility of the knife, beer, and cigarettes recovered by police at the scene. On appeal, Chacon does not enunciate any plausible grounds for objecting to the evidence's admissibility, nor does the record reflect any legitimate basis upon which counsel could have objected. Chacon merely speculates that the State could not adequately account for the custody of the evidentiary items prior to trial. Neither speculative claims nor counsel's failure to make futile objections establishes ineffective assistance of counsel. *Arguelles,* 921 P.2d at 441 (stating speculative claims cannot be substituted for proof of prejudice); *State v. Buel,* 700 P.2d 701, 703 (Utah 1985) (holding that futile objections not required of counsel to provide effective assistance).

Lastly, Chacon claims that his trial counsel failed to adequately investigate[2] and present an intoxication defense, which according to Chacon was his best defense. Chacon asserts that his counsel should have called the family members with whom he was drinking on the night of the crime, or hired a blood alcohol expert to testify as to Chacon's level of alcohol-induced impairment on the night of the crime, to establish that Chacon did not have the requisite mens rea to commit a robbery.

▆▆ However, "voluntary intoxication shall not be a defense to a criminal charge unless such intoxication negates the existence of the mental state which is an element of the offense." Utah Code Ann. § 76–2–306

(1995). In order for intoxication to be a valid defense, "one must be so under the influence of alcohol that at the time of the alleged offense, he was then and there incapable of forming the necessary intent, namely, having a conscious objective or desire" to engage in the criminal conduct. *State v. Sisneros,* 631 P.2d 856, 859 (Utah 1981). "Intent is rarely susceptible to direct proof." *State v. Gutierrez,* 714 P.2d 295, 296 (Utah 1986). Consequently, the jury must rely on reasonable inferences from the circumstances surrounding the crime. *See id.* The facts and reasonable inferences therefrom all support the jury's conclusion that Chacon did just what he intended to do, namely, rob the convenience store. Furthermore, Chacon failed to produce any evidence to the contrary. Chacon has not established how the testimony of the family members with whom he drank or of a blood alcohol expert would have exculpated him. He has not produced affidavits detailing what the testimony of family members or of a blood alcohol expert would be or illustrated how that testimony would have helped him at trial. Chacon's wife testified that he was intoxicated on the night of the crime and that he slurred his speech when he called her shortly after his arrest, which provided an evidentiary basis for counsel to advance an intoxication defense. Chacon has failed to demonstrate how that defense would have been furthered by other testimony.

Finally, any other testimony regarding Chacon's state of intoxication would have, at best, created additional conflict, since the store clerk testified that Chacon did not exhibit any external signs of intoxication during the robbery. Nothing Chacon has produced indicates that, had his trial counsel further investigated the alleged evidence of Chacon's state of intoxication, the jury would have reached a different conclusion.

In sum, Chacon has failed to meet the heavy burden of establishing prejudice resulting from any of trial counsel's omissions. We affirm his conviction.

---

**2.** Although we do not address the underlying factual allegations dealing with inadequate investigation, we note that Chacon, in his supplemental pro se brief, complained that his counsel did not discuss the case with him except for two minutes on the day of trial. This misrepresents the record. The record shows that Chacon met with his trial counsel on at least four occasions prior to trial.

HOWE, C.J., and STEWART, ZIMMERMAN and RUSSON, JJ., concur in Associate Chief Justice DURHAM's opinion.