2011 UT App 368

**STATE of Utah, Plaintiff and Appellee,**

v.

**Spencer Russell STRODE, Defendant and Appellant.**

**No. 20091023–CA.**

Court of Appeals of Utah.

Oct. 27, 2011.

Brett M. Krauss, Logan, for Appellant.

Mark L. Shurtleff and Brett J. Delporto, Salt Lake City, for Appellee.

Before Judges ORME, THORNE, and CHRISTIANSEN.

### DECISION

PER CURIAM:

¶ 1 Spencer Russell Strode appeals his conviction for attempted murder. Strode argues that trial counsel provided ineffective assistance by failing to make a motion to dismiss the case based upon the State's alleged failure to preserve certain evidence. We affirm.

¶ 2 In order to establish ineffective assistance of counsel a defendant must demonstrate that his counsel's performance was deficient and that he was prejudiced by counsel's deficient performance. *See State v. Litherland*, 2000 UT 76, ¶ 19, 12 P.3d 92. In demonstrating prejudice, a defendant must show that absent the deficient performance, there is a reasonable probability of a more favorable result. *See State v. Chacon*, 962 P.2d 48, 50 (Utah 1998). Further, "proof that such omissions prejudiced [the defendant] must be a demonstrable reality and not a speculative matter." *Id.* (citation and internal quotation marks omitted).

¶ 3 Strode argues that his trial counsel performed ineffectively by failing to make

a motion to dismiss the case due to the State's failure to preserve a text message sent by the victim to a witness that requested the witness's assistance in "kicking Strode's ass." The text message was referenced by a police officer in his affidavit in support of a search warrant. The officer paraphrased the text message as requesting the witness's assistance in "beating [Strode] up." Strode contends that this text message may have been critical because he argued to the jury that he shot the victim in self-defense. However, even if this court assumes for the sake of argument that trial counsel acted deficiently, Strode fails to demonstrate that he was prejudiced.

¶4 Although the witness who received the text message was unavailable to testify at trial, the jury viewed a video recording of a police interview of the witness. The witness indicated that he received a text from the victim asking for his assistance in "kick[ing Strode's] ass." Thus, despite the fact that the exact language of the text message was not preserved by the State, the jury was aware of the text message and was made aware that the victim intended to physically harm Strode. Despite this evidence, the jury convicted Strode of attempted murder. Strode speculates that the text message may have contained other information, which may have assisted in his defense. However, proof of prejudice may not be based purely upon a speculative matter. *See id.* Because the jury heard evidence concerning the substance of the text message and because Strode merely speculates that the text message may have said something other than what was adduced at trial, he cannot demonstrate that it is likely that the district court would have granted a motion to dismiss for failure to preserve the text message. Accordingly, he cannot demonstrate that he was prejudiced by trial counsel's failure to move for dismissal on this basis, even if we assume such failure constituted deficient performance.

¶5 Affirmed.