STATE of Utah, Plaintiff and
Respondent,

v.

Efrain Rojos HARO, Defendant
and Appellant.

No. 19069.

Supreme Court of Utah.

July 11, 1985.

William J. Albright, Salt Lake City, for defendant and appellant.

David L. Wilkinson, Atty. Gen., J. Stephen Mikita, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

PER CURIAM:

The defendant appeals his conviction on two counts of aggravated assault under U.C.A., 1953, § 76–5–103 (1974), a third degree felony. We affirm the conviction.

Shortly after midnight, August 31, 1982, Carlos Ibarra and his brother Miguel decided to take a walk around the block. Leaving their home, they noticed four men on the sidewalk down the street in front of the defendant's apartment. One of these men was the defendant. As the Ibarras approached within a few feet, the defendant pulled a .38 caliber revolver from his waistband and shot Carlos Ibarra in the upper leg. After shooting Carlos, defendant aimed the gun at him on the ground and at Miguel, screaming that they got what they deserved and asking if they wanted more. The defendant then ran into his apartment. Approximately five minutes later, he crawled out a window and ran from the apartment through a neighboring backyard.

Defendant attacks his conviction on the grounds that the court improperly refused to allow him to repeat a hearsay statement made by his friend shortly before the

shooting and that the evidence is insufficient to sustain the jury verdict.

Earlier in the evening, the defendant and his friend, Mr. Romero, had watched television in the defendant's apartment. The defendant claimed he saw Carlos Ibarra looking through the window and sent Romero out to see what he wanted. The defendant testified that when Romero returned he was "a little bit excited or something like that." The trial court sustained the prosecution's objection to the defendant's testifying what Romero told him at that time. Defendant now asserts that the hearsay statement was relevant to his state of mind and should have been admitted under Utah R.Evid. 63(4)(b), as a declaration made "under stress of a nervous excitement."[1]

The problem with the defendant's argument is that at trial he did not offer the alleged statement as an "excited utterance." Indeed, the record reflects that when the trial court sustained the objection to the hearsay statement, no attempt was made by the defendant to introduce the statement under any exception to the hearsay rule or to even advise the court as to the purpose of the testimony. There was no showing in the record that the undisclosed declaration was made by Romero while under the influence of an event so as to indicate its trustworthiness. *State v. Kaytso*, Utah, 684 P.2d 63 (1984). There was no basis upon which the trial court could find that the declarant was "under stress of a nervous excitement" as required by Rule 63(4)(b).

█ The defendant had ample opportunity to advise the court as to the nature and purpose of the proposed statement, but did not do so. We cannot make any evaluation of the admissibility of any statement because no proffer was made upon the record as to the content or nature of the statement. He may not now claim for the first time that the alleged testimony was erroneously excluded. *Bradford v. Alvey*

1. The 1971 Utah Rule of Evidence in effect at the time of the defendant's trial was replaced by Utah R.Evid. 803(2) in 1983.

& Sons, Utah, 621 P.2d 1240 (1980); *State v. Steggell*, Utah, 660 P.2d 252, 254 (1983); Utah R.Evid. 5 (1977).

 The defendant asserts that the statement of Romero should have been admitted to show that he, the defendant, thought the victim was planning to rob him. The defendant was permitted to and did testify that because of Romero's statement the defendant was afraid the victim was going to rob or assault him. He was sufficiently able to explain to the jury his intent or state of mind at that time. The excluded testimony, if admitted, would not have had any substantial influence in bringing about a different result. *State v. Stephens*, Utah, 667 P.2d 586, 588 (1983); Utah R.Evid. 5.

 With regard to the defendant's attack on the sufficiency of the evidence as to his intent, the defendant relies only upon his own testimony and ignores the substantial evidence which supports the jury's verdict. His admitted threats at the time of the shooting, his subsequent conduct, and the testimony of the victim and witnesses all support the jury's verdict. On appeal, we review the evidence in a light most favorable to the jury's verdict and will reverse only when the evidence is so unsubstantial that a reasonable person could not have reached the verdict beyond a reasonable doubt. *State v. Brooks*, Utah, 638 P.2d 537, 543 (1981); *State v. Howell*, Utah, 649 P.2d 91 (1982).

 The defendant also complains that no proof was adduced to show that the use of force by the defendant was likely to produce death or serious bodily injury. We reject this assertion as not relevant because an aggravated assault can be committed by the use of a deadly weapon (*i.e.*, shooting with a loaded .38 caliber revolver):

> (1) A person commits aggravated assault if he commits assault ... and:
>
> . . . .
>
> (b) He uses a deadly weapon or such other means or force likely to produce death or serious bodily injury.

U.C.A., 1953, § 76-5-103(1)(b) (1973). Furthermore, we believe that the defendant's conduct was sufficient evidence for the jury to find that the shooting by the defendant constituted the use of force "likely to produce ... serious bodily injury."

The record contains substantial credible evidence to support the conviction of aggravated assault, and the conviction is affirmed.