**STATE of Utah, Plaintiff and Respondent,**

v.

**Melvin Dean FRAME, Defendant and Appellant. (Two Cases).**

**Nos. 21002, 21005.**

Supreme Court of Utah.

July 31, 1986.

Kirk C. Bennett, Vernal, for defendant and appellant.

David L. Wilkinson, Atty. Gen., Salt Lake City, for plaintiff and respondent.

PER CURIAM:

Defendant appeals his second degree murder conviction for the stabbing death of Charles Bovee, arguing that the evidence is insufficient to sustain his conviction and that he was deprived of the effective assistance of counsel at trial.

Defendant, Bovee, and William Otto traveled together in Bovee's truck from Denver to Grand Junction, Colorado. En route, they picked up a hitchhiker, Randy Shaffer. Having supposedly completed the purpose of their trip in Grand Junction, they drove to Vernal, Utah, stopping at a local saloon for drinks. Defendant and Bovee had already consumed several beers and hard drinks since leaving Denver two days earlier. After drinking in the saloon, defendant attempted to steal a sleeping bag from the back of another truck. When he observed that a woman had watched him steal the bag, defendant tossed it into Bovee's truck and hid in the weeds nearby until Bovee and the others came out of the saloon. Bovee attempted to smooth the matter over with the woman, but later complained to his companions that defendant had involved him in the theft and ruined his chances for getting a job in Vernal. Defendant and Bovee had had other disagreements and fights during this trip.

The men left the saloon parking lot, defendant and Shaffer riding in the back of Bovee's truck. While stabbing his knife into a mattress, defendant informed Shaffer that if Bovee messed with defendant again, he would mess him up. He also inquired if Shaffer would inform the police if he, defendant, "shanked" Bovee.

After traveling only a short distance, Bovee pulled the truck into a store parking lot, got out, and began fighting with Otto

in the parking lot. No weapons were used by either Bovee or Otto. Still holding his knife, defendant jumped out of the back of the truck and into the fight. While Bovee was on the ground, defendant kicked him in the face with steel-toed boots. Arising from the ground, Bovee, who was barefooted, kicked at defendant's chest or face. Defendant, with knife in hand, angrily rushed at Bovee. In the continuing combat, defendant stabbed Bovee in the chest. He and Otto fled the scene in Bovee's truck and were later apprehended. Bovee died from the stab wound inflicted by defendant.

Defendant does not deny stabbing Bovee, but claims the evidence is insufficient to sustain a conviction of second degree murder. A defendant is guilty of second degree murder when he (a) intentionally or knowingly causes the victim's death; (b) intends to cause serious bodily injury and acts in a manner clearly dangerous to human life, thereby causing the victim's death; or (c) engages in conduct creating a grave risk of death, while evidencing a depraved indifference to human life. U.C.A., 1953, § 76–5–203, as amended (1978 ed.).

On appeal, we view the evidence in the light most favorable to the jury's verdict and reverse only when the evidence is so inconclusive or improbable that a reasonable person could not have reached the same verdict beyond a reasonable doubt. Defendant relies only upon his version of the facts, which is not the only reasonable one. The jury need not accept the version advanced by defendant, but may weigh the evidence and draw its own conclusions and inferences as to his conduct and intent. The existence of contradictory testimony, without more, does not require reversal. *State v. Buel,* 700 P.2d 701, 703 (Utah 1985); *State v. Howell,* 649 P.2d 91, 97 (Utah 1982).

Whether defendant intended to cause Bovee's death or, at least, serious bodily injury may be inferred by the jury from all the facts and circumstances surrounding the incident. *State v. Watts,* 675 P.2d 566 (Utah 1983). At defendant's request, the court also instructed the jury as to the lesser offenses of manslaughter and negligent homicide. The jury, then, was able to evaluate his conduct and professed intent in the context of the mental state required for each of the separately instructed offenses. His threatening statements and conduct immediately before the fight, kicking the victim in the head, and entering into the fight with knife in hand are facts sufficient to support a finding that defendant either intended to kill Bovee or intended to cause "serious bodily injury" while acting in a manner clearly dangerous to human life. This evidence is neither so improbable nor inconclusive as to preclude such a finding under section 76–5–203(1)(a) or (b). *Cf. State v. Haro,* 703 P.2d 301, 303 (Utah 1985); *State v. Lopez,* 626 P.2d 483 (Utah 1981). *Compare with State v. Bolsinger,* 699 P.2d 1214, 1218 (Utah 1985).

These same facts are also sufficient to show that, under section 76–5–203(1)(c), defendant knowingly participated in conduct which created a grave risk of death, while evidencing a depraved indifference to human life. Under subsection (c), defendant need only consciously engage in such conduct, even though not intending the resulting death. *State v. Fontana,* 680 P.2d 1042, 1045 (Utah 1984); *State v. Watts,* 675 P.2d 566 (Utah 1983). Although the general verdict in this case gives no indication which of the statutory variations of second degree murder the jury relied upon in its conviction verdict, there was abundant evidence and eyewitness testimony provided from which the jury could conclude that defendant caused Bovee's death under any one of the variations. *State v. Fisher,* 680 P.2d 35 (Utah 1984).

Defendant suggests that the amount of alcohol he had consumed rendered him so intoxicated as to negate any knowledge of or intent associated with the stabbing. The evidence is conflicting as to the degree of defendant's intoxication and whether it influenced or initiated his actions in any way. Defendant testified in

detail as to the events leading up to and during the fight, negating his defense that he was so intoxicated he "blacked out." The jury's determination is supported by competent evidence in the record that defendant was not so intoxicated that he was unaware of his conduct or did not intend its consequences.[1]

■ Defendant contends he was denied the effective assistance of counsel at his trial. In claiming ineffective counsel, defendant has the burden to demonstrate that counsel's representation falls below an objective standard of reasonableness. *Codianna v. Morris,* 660 P.2d 1101, 1108–09 (Utah 1983). Defendant must prove that specific, identified acts or omissions fall outside the wide range of professionally competent assistance. The claim may not be speculative, but must be a demonstrative reality, sufficient to overcome the strong presumption that counsel rendered adequate assistance and exercised "reasonable professional judgment." *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 2066, 80 L.Ed.2d 674 (1984); *State v. Lairby,* 699 P.2d 1187, 1204 (Utah 1984). And, an unfavorable result does not compel a conclusion of ineffective assistance of counsel. *State v. Buel,* 700 P.2d at 703.

■ Furthermore, any deficiency must be prejudicial to defendant. It is not enough to claim that the alleged errors had some conceivable effect on the outcome or could have had a prejudicial effect on the fact finders. To be found sufficiently prejudicial, defendant must affirmatively show that a "reasonable probability" exists that, but for counsel's error, the result would have been different. We have defined "reasonable probability" as that sufficient to undermine confidence in the reliability of the verdict.[2]

■ However, these principles are not applied as a mechanical test, but are guides to the ultimate focus upon the fundamental fairness of the proceeding challenged. The purpose of the inquiry is simply to insure that defendant receives a fair trial. Consequently, in determining the fundamental fairness of defendant's trial, we need not determine whether counsel's performance was deficient if defendant fails to satisfy his burden of showing that he suffered unfair prejudice as a result of the alleged deficiencies.[3]

As stated by the United States Supreme Court in *Strickland:*

> [A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by defendant as a result of the alleged deficiencies. The object of an ineffectiveness claim is not to grade counsel's performance. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.

104 S.Ct. at 2069–70.

Defendant has failed to show that but for the alleged deficiencies of counsel there exists any "reasonable probability" that the jury's verdict would have been different. He has not shown that the adversarial process of the trial was so undermined that the jury could not have produced a just result.[4]

■ Defendant complains that counsel failed to object to "numerous prejudicial questions" throughout the trial. However, these "prejudicial" questions are not specifically identified. Defendant does not show that the specific, essential evidence surrounding the fight, his involvement, or his prior threats was improperly or unfairly admitted at trial. And, the eyewitness testimony of the fight was uncontroverted by defendant's own explanation of the events.

---

1. *State v. Royball,* 710 P.2d 168 (Utah 1985); *State v. Lenzing,* 688 P.2d 492 (Utah 1984); U.C.A., 1953, § 76–2–103(1), (2), as amended (1978 ed.). *See also State v. Wood,* 648 P.2d 71, 90 (Utah 1982), *cert. denied,* 495 U.S. 988, 103 S.Ct. 341, 74 L.Ed.2d 383 (1982).

2. *Lairby,* 699 P.2d at 1204–06; *accord Strickland,* 104 S.Ct. at 2067.

3. *Strickland,* 104 S.Ct. at 2069.

4. *Id.* at 2064; *Lairby,* 699 P.2d at 1205 n. 21.

Defendant admitted his threatening comments against Bovee. In his own testimony, defendant had adequate opportunity to explain his "defense" to the jury, that he did not intend to kill Bovee, but had been drinking heavily, had "blacked out" during the fight, and did not remember what happened. *See State v. Wood,* 648 P.2d 71, 90–92 (Utah 1982), *cert. denied,* 459 U.S. 988, 103 S.Ct. 341, 74 L.Ed.2d 383 (1984). We do note that trial counsel was successful in excluding from the evidence a potentially incriminating letter written by defendant after his arrest.

■ Defendant claims that he was inadequately prepared as a witness and that no other witnesses were called on his behalf. These contentions are also inadequately supported on appeal. Defendant does not explain how his testimony or the purported lack of advance preparation was prejudicial to him. He does not explain what his testimony would have been had he been adequately prepared. Also, defendant does not identify what other persons should have been called as witnesses or how their testimony was essential to his defense. *State v. Lairby,* 699 P.2d at 1204; *State v. Kraft,* 96 Idaho 901, 539 P.2d 254, 258 (1975).

■ We also consider meritless defendant's complaint that counsel improperly failed to challenge a member of the jury. An ambiguous statement by a potential juror that because someone is killed, "somebody is guilty somewhere" does not undermine our confidence in the outcome when the court has thoroughly questioned and instructed the jury panel as to their duty as jurors. The statement was not directed against defendant and is insufficient, without more, to show that the juror should have been excused for cause. *Cf. Perkins v. State,* 695 P.2d 1364, 1367–68 (Okla.Crim.1985). All the jury members, including this questioned juror, indicated that they would give impartial consideration to the evidence before them in determining defendant's innocence or guilt. And, counsel's decision not to exercise all the peremptory challenges available was a tactical decision dependent upon numerous other factors which defendant does not address on appeal. He has not shown how that decision was prejudicial to him.

Consequently, we conclude that it is not reasonably probable that any of the alleged deficiencies, separately or collectively, affected the reliability of defendant's conviction. Viewing the entire circumstances of the trial, including defendant's testimony and the evidence properly admitted against him, we cannot find any prejudice by the representation and tactical decisions of his attorney. On appeal, defendant has not sufficiently overcome the presumptions that the proceeding was fundamentally fair and the outcome reliably achieved. *Strickland,* 104 S.Ct. at 2069.

Defendant's second degree murder conviction is affirmed.

STEWART, J., concurs in the result.