**The STATE of Utah, Plaintiff and Respondent,**

v.

**Rick PURSIFELL, Defendant and Appellant.**

**No. 860361–CA.**

Court of Appeals of Utah.

Dec. 2, 1987.

Walter F. Bugden, Jr., Bugden, Collins & Keller, Salt Lake City, for defendant and appellant.

David L. Wilkinson, State Atty. Gen., Sandra J. Sjogren, Asst. Atty. Gen., for plaintiff and respondent.

Before DAVIDSON, GREENWOOD and ORME, JJ.

## OPINION

ORME, Judge:

Defendant was convicted of burglary, attempted burglary, two counts of theft, and two counts of vehicle burglary. On appeal, defendant claims he was denied his Sixth Amendment right to effective assistance of counsel in two respects: First, by the trial court's denial of his request for substitute counsel and, in that regard, by the court's failure to inquire adequately into the reasons for defendant's dissatisfaction with appointed counsel, and second, in the presentation of his defense at trial. We affirm.

## FACTUAL BACKGROUND

The facts relevant to this appeal are those relating to defendant's request for substitute counsel. Following arraignment, Frances Palacios of the Salt Lake Legal Defenders Association was appointed to represent the defendant. On the morning of the first day of trial, the defendant informed the court that he did not want to proceed with Ms. Palacios as his counsel because he did not "feel that she's done everything that she could in [his] case."

The trial court asked the defendant to specify his reasons for thinking that counsel had not represented his interests. Defendant reiterated his general complaint, mentioned that he had met with counsel only once, and complained that he had not received timely notification of a hearing scheduled on a motion to discover filed by Palacios. A lengthy exchange ensued concerning the details of the discovery matter, from which it emerged that the prosecution agreed to provide the requested discovery and no hearing was ever held. The court did not delve further into defendant's earlier statement that he had met with counsel just once before trial. Nor did defendant provide any details on that subject during his remarks about his dissatisfaction with counsel. Defendant focused exclusively on the belated receipt of his copy of the discovery notice. The court concluded that, consistent with her past performance, Ms. Palacios had done a good job in representing defendant's interests. The court denied defendant's motion for substitute counsel. Defendant was subsequently tried before a jury and convicted on all counts.

## REQUEST FOR NEW COUNSEL

While an indigent defendant has a right to have counsel appointed to represent him, *Gideon v. Wainwright*, 372 U.S. 335, 344–45, 83 S.Ct. 792, 796–97, 9 L.Ed.2d 799 (1963), he does not have a constitutional right to a lawyer other than the one appointed, absent good cause. *See, e.g., United States v. Young*, 482 F.2d 993, 995 (5th Cir.1973). Whether to appoint a different lawyer for an indigent defendant who expresses dissatisfaction with his court-appointed counsel, but who has no constitutional right to appointment of a different attorney, is a matter committed to the sound discretion of the trial court and will be reversed only for an abuse of discretion. *Id.*

It is suggested on this appeal that, had the trial court conducted a more extensive

inquiry into the reasons for defendant's dissatisfaction, it would have uncovered a myriad of complaints about the quality of defendant's representation. Accordingly, we consider first the nature and extent of the court's inquiry and then turn to a consideration of whether, in light of what the court learned, denial of the motion for substitute counsel violated the defendant's Sixth Amendment right to counsel and, if not, whether it nonetheless constituted an abuse of discretion.

### A. Duty to Inquire

▉ Typically, motions for substitute counsel are less likely to be granted when they would result in a significant delay or mistrial or would otherwise impede the prompt administration of justice. *See Hudson v. Rushen,* 686 F.2d 826, 831 (9th Cir.1982), *cert. denied,* 461 U.S. 916, 103 S.Ct. 1896, 77 L.Ed.2d 285 (1983). Courts are also aware of the propensity for manipulation of the process by criminal defendants and some have cautioned that "requests for appointment of a new attorney on the eve of trial should not become a vehicle for achieving delay." *See United States v. Llanes,* 374 F.2d 712, 717 (2d Cir.1967).

We fully appreciate the possibility that defendants will fabricate complaints about counsel in an effort to promote delay or otherwise manipulate the system. Weighed against that realization, however, must be recognition of the inability of many indigent defendants, in view of their level of education and sophistication, to adequately articulate their legitimate complaints involving appointed counsel. Therefore, when a complaint is registered by a criminal defendant concerning his or her appointed counsel, the court must balance the potential for last minute delay and the propensity for manipulation of the system against the competing concern about the likely inability of indigent defendants to articulate and communicate their dissatisfaction in a setting which most laypersons find quite intimidating.

▉ In establishing a standard of inquiry in the context of requests for substitution of counsel, we decline to impose an affirmative duty on the trial court to routinely initiate its own inquiry, and thereby in effect solicit grievances from indigent defendants where no dissatisfaction has been expressed. Likewise, we decline defendant's invitation to prescribe a checklist which trial courts must run through if any indicia of dissatisfaction should emerge. However, when dissatisfaction is expressed, the court must make some reasonable, non-suggestive efforts to determine the nature of the defendant's complaints and to apprise itself of the facts necessary to determine whether the defendant's relationship with his or her appointed attorney has deteriorated to the point that sound discretion requires substitution or even to such an extent that his or her Sixth Amendment right to counsel would be violated but for substitution. Even when the trial judge suspects that the defendant's requests are disingenuous and designed solely to manipulate the judicial process and to delay the trial, perfunctory questioning is not sufficient. *United States v. Welty,* 674 F.2d 185, 187 (3d Cir.1982).

▉ On the record before us, we cannot conclude that the quality of the trial court's inquiry did not meet this standard. Defendant expressed dissatisfaction with appointed counsel's representation. Appropriately, the court inquired about the "specific way" in which defendant's interests had not been represented. Defendant did mention he had met with counsel only once, but focused his remarks on the discovery matter. As a result, the court's follow-up questions of defendant and counsel were exclusively devoted to that matter. It clearly would have been preferable had the court inquired further into the other concern alluded to by defendant, namely the extent of counsel's pretrial preparation.[1] Failure to do so, however, was not reversi-

---

1. As indicated, the trial court referred to its prior, positive experience with Ms. Palacios in finding defendant's representation had been adequate. A good overall reputation by counsel is no substitute for careful inquiry by the court since there is no guaranty even an excellent attorney, especially a very busy one, has not botched a particular case.

ble error in view of the emphasis defendant placed on his other concern and since a single, face-to-face meeting before trial is not, in itself, indicative of a lack of preparation in cases like the instant one.[2]

## B. *No Constitutional Violation*

■■■ Having determined that the court's inquiry into defendant's complaints was sufficient under the circumstances, we next consider whether the complaints themselves disclosed problems of a constitutional dimension. Of course, courts have no discretion to allow a violation of the Sixth Amendment. Substitution of counsel is mandatory when the defendant has demonstrated good cause, such as a conflict of interest, a complete breakdown of communication, or an irreconcilable conflict with his or her attorney. *United States v. Welty*, 674 F.2d 185, 188 (3d Cir.1982); *McKee v. Harris*, 649 F.2d 927, 931 (2d Cir.1981), *cert. denied*, 456 U.S. 917, 102 S.Ct. 1773, 72 L.Ed.2d 177 (1982). When a defendant is forced to stand trial "with the assistance of an attorney with whom he has become embroiled in an irreconcilable conflict," he is deprived of the "effective assistance of any counsel whatsoever" and his Sixth Amendment right to counsel is violated. *Brown v. Craven*, 424 F.2d 1166, 1170 (9th Cir.1970). *See United States v. Hart*, 557 F.2d 162, 163 (8th Cir.), *cert. denied*, 434 U.S. 906, 98 S.Ct. 305, 54 L.Ed.2d 193 (1977).

In viewing defendant's remarks in a light most favorable to him, it is clear from the record that his dissatisfaction with appointed counsel was not so substantial as to rise to a constitutional level requiring the appointment of new counsel.

■■■ As indicated, we discern only one specific complaint registered by defendant in this case, i.e., that counsel was derelict in notifying defendant of a discovery motion, and arguably a complaint that defense

counsel was inadequately prepared. While it is true that defendant did not receive notice of the discovery motion filed by defense counsel until after a stipulation had been entered, the routine discovery motion required no input from defendant. Though the motion might have been subjectively important to defendant, "[g]ood cause for substitution of counsel cannot be determined 'solely according to the subjective standard of what the defendant perceives.'" *Thomas v. Wainwright*, 767 F.2d 738, 742 (11th Cir.1985) (quoting *McKee v. Harris*, 649 F.2d at 932), *cert. denied*, 475 U.S. 1031, 106 S.Ct. 1241, 89 L.Ed.2d 349 (1986).

■■■ A serious lack of preparation might, in some circumstances, have such a disadvantageous effect on a defendant's representation as to rise to a constitutional violation. In this case, defendant conceded that he met with counsel on at least one occasion prior to trial. In view of the fairly routine nature of the underlying facts and offenses charged, and defense counsel's experience, the fact that counsel met with the defendant only once before trial is not necessarily indicative of a lack of preparation. *See* Note 2, *supra*. Therefore, defendant's complaints did not warrant substitution of counsel as a matter of constitutional law.[3]

## C. *No Abuse of Discretion*

■■■ This determination, however, does not end our analysis. While a defendant's complaints may not be of constitutional magnitude, denial of the motion may, under some circumstances, nonetheless constitute an abuse of discretion. As we have previously stated, however, defendant's complaints in this case were insubstantial. While it might have been preferrable to delve deeper into defendant's arguable claim of inadequate preparation, the failure to do so was neither a constitutional violation nor an abuse of discretion.

---

2. The charges against defendant and the factual setting in which they arose would be a matter of routine for an experienced criminal defense attorney. Multiple interviews might have given defendant more of a sense that a committed advocate was diligently working on his behalf,

but would not necessarily have furthered his cause.

3. Defendant's constitutional arguments are limited to the United States Constitution and we are not asked to consider whether the Utah Constitution requires more.

## QUALITY OF REPRESENTATION

■ Unsuccessful motions for substitution of counsel are typically followed by the claim that defendant received ineffective assistance of counsel at trial. *See, e.g., Thomas v. Wainwright,* 767 F.2d 738 (11th Cir.1985); *Hudson v. Rushen,* 686 F.2d 826 (9th Cir.1982). This case is no exception.

In *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the United States Supreme Court established the standard for determining claims of ineffective assistance of counsel at trial. To prevail, the defendant must demonstrate, first, that counsel's representation fell below an objective standard of reasonable professional judgment, and second, that counsel's performance prejudiced the defendant. *Id.* at 690, 104 S.Ct. at 2065. The Utah Supreme Court has adopted and interpreted the *Strickland* standard for determining ineffective assistance claims. *See, e.g., State v. Frame,* 723 P.2d 401 (Utah 1986).

Under the first prong of the *Strickland* test, defendant must show that "specific, identified acts or omissions fall outside the wide range of professionally competent assistance." *State v. Frame,* 723 P.2d at 405. As we have previously stated, however, "this court will not second-guess trial counsel's legitimate use of judgment." *Layton City v. Noon,* 736 P.2d 1035, 1040 (Utah Ct.App.1987) (citing *Codianna v. Morris,* 660 P.2d 1101, 1110 (Utah 1983)). *See State v. McNicol,* 554 P.2d 203, 205 (Utah 1976).

We need not consider whether defendant's complaints [4] were "sufficient to overcome the strong presumption that counsel rendered adequate assistance and exercised 'reasonable professional judgment,'" *State v. Frame,* 723 P.2d at 405 (quoting *Strickland v. Washington,* 466 U.S. at 690, 104 S.Ct. at 2066), because we are able to decide this case solely on the second prong of the *Strickland* test. We need not decide whether counsel's performance was defi-

cient if defendant fails to satisfy his burden of showing that he was prejudiced as a result of the alleged deficiencies. *Id.* "The object of an ineffectiveness claim is not to grade counsel's performance. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, ... that course should be followed." *Strickland v. Washington,* 466 U.S. at 697, 104 S.Ct. at 2069.

■ Pointing to little more than his conviction, defendant has suggested on appeal that he was prejudiced as a result of counsel's performance. However, "an unfavorable result does not compel a conclusion of ineffective assistance of counsel." *State v. Frame,* 723 P.2d at 405. In demonstrating prejudice, it is not enough to show that the alleged errors "had some conceivable effect on the outcome" of the trial but, rather, defendant must show that a " 'reasonable probability exists' that, but for counsel's error, the result would have been different." *Id.* "Reasonable probability" is defined as "that sufficient to undermine confidence in the reliability of the verdict." *Id. See also State v. Royball,* 710 P.2d 168 (Utah 1985); *State v. Lenzing,* 688 P.2d 492 (Utah 1984).

Defendant has failed to show that but for the alleged deficiencies of counsel there is a reasonable probability that the jury would have decided differently. Accordingly, his convictions are affirmed.

DAVIDSON and GREENWOOD, JJ., concur.

---

**4.** Specifically, defendant claims counsel was deficient in (1) failing to challenge the propriety of defendant's initial detention; (2) failing to challenge the unnecessarily suggestive identification procedure; and (3) in failing to impeach the identification testimony of a witness with a prior or inconsistent statement.