STATE of Utah, Plaintiff and
Respondent,

v.

Boyd D. HARPER, Defendant
and Appellant.

No. 860281–CA.

Court of Appeals of Utah.

Sept. 9, 1988.

Khristi S. Harrold, Elizabeth Bowman, Joan Watt, Salt Lake Legal Defender Ass'n, Salt Lake City, for defendant and appellant.

Charles D. Marson, Deputy County Atty., Salt Lake City, for plaintiff and respondent.

Before BILLINGS, BENCH and ORME, JJ.

## OPINION

BILLINGS, Judge:

Defendant, Boyd D. Harper, appeals from his bench trial conviction of aggravated assault in violation of Utah Code Ann. § 76–5–103 (1978), a third degree felony. Defendant claims he was denied his sixth amendment right to effective assistance of counsel. We affirm.

## FACTUAL BACKGROUND

We review the facts in the light most favorable to the trial court's verdict. *Security State Bank v. Broadhead*, 734 P.2d 469, 470–71 (Utah 1987); *Miller v. Archer*, 749 P.2d 1274, 1276 (Utah Ct.App.1988).

On December 11, 1984, defendant and his wife ("Ms. Harper") were at home drinking beer and entertaining guests. After the guests left, an argument ensued when Ms. Harper asked defendant for a divorce. When Ms. Harper's nephew called her at about 8:00 p.m., he heard defendant yelling in the background, and the phone was hung up abruptly.

It is undisputed that defendant struck Ms. Harper in the face, causing serious bodily harm, and the court so found. Defendant testified that he hit Ms. Harper once but was uncertain if he hit her more than once. Ms. Harper testified that defendant hit her at least twice with his fists, causing a loss of memory until she woke up in the hospital the next morning. Although Ms. Harper remembers her nephew's call and the fact that defendant hung up the phone, she does not remember calling her daughter for help about thirty minutes later. When Ms. Harper's daughter arrived at the home, there was blood all over the kitchen, and on the bed. The officer called to the scene observed Ms. Harper slumped over the kitchen table, semi-conscious but in great pain, vomiting blood into a pan and having difficulty breathing. Ms. Harper's nose was pushed over onto the side of her face, her eyes were swollen shut, and she had bruises on her shoulder.

Defendant was apprehended later that evening while driving under the influence of alcohol. When defendant was first arrested, he denied hitting Ms. Harper. Later, defendant admitted he had struck Ms. Harper, and that she was in the bathroom washing blood off her face when he left the house.

Ms. Harper was hospitalized for nine days as a result of defendant's attack. Her treating physician testified that Ms. Harper's cheekbone was broken in many places, and that her nose was deformed, displaced and shattered. Her physician further testified that she will need additional surgery to restore her left nasal airway and to correct an abnormal depression of her nose but even with the proposed treatments, Ms. Harper will suffer a "serious permanent disfigurement."

Defendant claims he was denied effective assistance of counsel during his bench trial primarily because his counsel neither made a motion *in limine* to exclude nor objected to his impeachment by two prior theft convictions, one felony and one misdemeanor. Defendant also alleges that his counsel was ineffective because he failed to object to the introduction of duplicative, prejudicial photographs of Ms. Harper's injuries, and to an improper, hypothetical question to a medical witness about memory loss.

## INEFFECTIVE ASSISTANCE OF COUNSEL

 In analyzing a claim of ineffective assistance of counsel, we must review the totality of circumstances and the complete context in which the possible attorney error occurred. *State v. Pursifell*, 746 P.2d 270, 273 (Utah Ct.App.1987). A presumption exists on appeal that the trial was fundamentally fair to the defendant. *State v. Frame*, 723 P.2d 401, 406 (Utah 1986).

 To prevail, the defendant must meet both prongs of the test set forth in *Strickland v. Washington*, 466 U.S. 668, 690, 104 S.Ct. 2052, 2066, 80 L.Ed.2d 674 (1984): (1) Counsel's representation must fall below "objective reasonableness," resulting in (2) prejudice to defendant. *See e.g., State v. Pursifell*, 746 P.2d 270, 275 (Utah Ct.App. 1987); *State v. Frame*, 723 P.2d 401, 405 (Utah 1986). Procedurally, "[w]e need not decide whether counsel's performance was deficient if defendant fails to satisfy his burden of showing that he was prejudiced as a result of the alleged deficiencies." *Pursifell*, 746 P.2d at 275. Accordingly, we reject defendant's claim as he has failed to show a "reasonable probability" that the representation he received affected the ultimate result in his bench trial.

The analysis of our Supreme Court in *State v. Frame*, 723 P.2d 401 (Utah 1986) supports our conclusion. In *Frame*, the defendant claimed ineffective assistance of counsel at his jury trial for murder. As in the instant case, eyewitness testimony that the defendant struck the victim was uncontroverted by the defendant's own explanation of the incident. In *Frame*, the Utah Supreme Court ruled that the defendant's own testimony was sufficient to affirm the conviction of second degree murder. Therefore, the court found the objectionable evidence was not prejudicial to the outcome of the case. *Id.* at 405–06.

■ In the instant case, defendant's own testimony is sufficient to affirm the conviction. Defendant testified at trial that he was angered by Ms. Harper's comments,[1] so he struck her. Moreover, defendant does not contradict Ms. Harper's testimony, or that of the doctor, which describes the seriousness of the injuries.[2] The combination of the uncontroverted testimony from defendant, Ms. Harper, and her physician establishes overwhelming evidence to support conviction. Even if there were attorney errors, an issue we need not reach, such errors did not alter the outcome of this case.

BENCH and ORME, JJ., concur.

---

1. Although defendant mentions inadequate exploration of the provocation defense in his brief, he does not include this complaint in his statement of the issues on appeal. In fact, the transcript reveals extensive defense counsel pursuit of the "provocation defense." The only "provocation" was name-calling between the parties, and this was elaborately explored by defense counsel.

2. Although cases of aggravated assault are prosecuted often, simple assault cases involving spouses rarely get to trial. *See* Dutton, *The Criminal Justice Response to Wife Assault*, 11 Law & Hum. Behav. 189 (1987). We should not tolerate more violence in the home than we tolerate on the streets. *See generally,* Finesmith, *Police Response to Battered Women*, 14 Seton Hall 74 (1983). To address this problem of underprosecution of assault in domestic violence cases, neighboring jurisdictions have enacted such laws as the mandatory arrest provision. *E.g.,* Nev.Rev.Stat. § 171.137 (1985).