**STATE of Utah, Plaintiff and Appellee,**

v.

**Leonard C. ALVARADO, Defendant and Appellant.**

**No. 920058–CA.**

Court of Appeals of Utah.

Jan. 26, 1993.

---

Stephen A. Laker (argued), Public Defender Ass'n, Ogden, for defendant and appellant.

R. Paul Van Dam, State Atty. Gen., Christine F. Soltis (argued), Asst. Atty. Gen., Salt Lake City, for plaintiff and appellee.

Before BENCH, GARFF and RUSSON, JJ.

## OPINION

GARFF, Judge:

Defendant, Leonard C. Alvarado, appeals his conviction of distribution of a controlled substance, a second degree felony, in violation of Utah Code Ann. § 58–37–8(1)(a)(ii) (Supp.1992). We affirm.

### FACTS

■ On appeal, we view the facts in a light most favorable to the jury's verdict. *State v. Johnson*, 821 P.2d 1150, 1153 (Utah 1991); *State v. Verde*, 770 P.2d 116, 117 (Utah 1989). We recite the facts accordingly.

Alvarado was charged by information for distributing a controlled substance in violation of Utah Code Ann. § 58–37–8(a)(1)(ii). On the day of trial, prior to jury voir dire, Alvarado, during an in-chambers conference, objected to telephonic notification of the prospective jurors on the basis that such notice discriminated against Hispanics. In response to the objection, the court and bailiff explained the procedure for summoning prospective jurors to serve on the venire. Following the explanation, Alvarado's counsel responded, "That's all." The court then proceeded with voir dire, after which counsel passed the selected jury for cause. A panel of twenty-two prospective jurors was called, from which a jury of eight was selected. Apparently, none of the prospective jurors was Hispanic. Alvarado was found guilty and sentenced to a term of one to fifteen years of imprisonment.

### REPRESENTATIVENESS OF JURY VENIRE

On appeal, Alvarado claims that the jury selection process violated his Sixth Amendment right to a jury drawn from a fair cross section of the community. He contends that the master jury and qualified jury wheels, from which the petit jury was selected, did not include Hispanics, and therefore the master jury and qualified jury wheels did not represent a fair cross section of the community.

■ The Sixth Amendment guarantees an accused a trial by an impartial jury. The right to a trial by a jury drawn from a fair cross section of the community is a fundamental component of the Sixth Amendment guarantee. *Taylor v. Louisiana*, 419 U.S. 522, 530, 95 S.Ct. 692, 697–98, 42 L.Ed.2d 690 (1975); *State v. Tillman*, 750 P.2d 546, 574 (Utah 1987). Petit juries actually chosen, however, need not "mirror the community and reflect the various distinctive groups in the population. Defendants are not entitled to a jury of any particular composition." *Taylor*, 419 U.S. at 538, 95 S.Ct. at 702.

■ To establish a prima facie violation of the fair-cross-section requirement, a defendant must show:

(1) that the group alleged to be excluded is a "distinctive" group in the community; (2) that the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and (3) that this underrepresentation is due to systematic exclusion of the group in the jury-selection process.

*Duren v. Missouri*, 439 U.S. 357, 364, 99 S.Ct. 664, 668, 58 L.Ed.2d 579 (1979); *accord Tillman*, 750 P.2d at 575. Once such a showing is made, the State bears the burden of justifying the infringement "by showing attainment of a fair cross section to be incompatible with a significant state interest." *Duren*, 439 U.S. at 368, 99 S.Ct. at 671 (citing *Taylor*, 419 U.S. at 533–35, 95 S.Ct. at 699–700); *Tillman*, 750 P.2d at 575.

■ The trial court determined that Alvarado's objection concerning the lack of Hispanics on the venire was legally insufficient. *See, e.g., Redd v. Negley*, 785 P.2d 1098, 1100–02 (Utah 1989) (mere assertion that a particular group is underrepresented is legally insufficient). To have merit, the objection must be supported by affidavits and statistics. *Id.* at 1100. In other words, concrete evidence must be presented.

■ In the instant case, Alvarado made no attempt to establish a prima facie violation of the fair-cross-section requirement.[1] Alvarado presented neither affidavits nor statistics to the trial court. Instead, he simply asserted that telephonic notification of prospective jurors "discriminates against Hispanics." This failure to present evidence in support of the objection is fatal to Alvarado's Sixth Amendment claim.[2] *Tillman*, 750 P.2d at 576; *accord State v. Bankhead*, 727 P.2d 216, 217–18 (Utah 1986) (per curiam). Thus, Alvarado's claim is without merit.

## JURY SELECTION AND SERVICE ACT

■ For the first time on appeal, Alvarado claims that the jury selection process violated the Jury Selection and Service Act, Utah Code Ann. §§ 78–46–1 to –23 (1992). Section 78–46–16(1) of the Act, requires a party to lodge a statutory challenge of the jury selection process before the jury is sworn. *State v. Bankhead*, 727 P.2d 216, 217 (Utah 1986) (per curiam). Because Alvarado's challenge is untimely, we do not consider it on appeal.

## INEFFECTIVE ASSISTANCE OF COUNSEL

Alvarado claims that he was denied his right to effective assistance of counsel as guaranteed by the Sixth Amendment to the United States Constitution because his trial counsel failed to: (1) cross-examine witnesses in the manner he requested; (2) argue that the State did not produce the money used in the drug transaction; and

---

1. Alvarado did not request a hearing to present evidence in support of his contentions as contemplated by Rule 18(c)(1)(ii), Utah Rules of Criminal Procedure. Rule 18(c)(1)(ii) effectively precludes Alvarado's request for a hearing at this time. *State v. Tillman*, 750 P.2d 546, 573 (Utah 1987).

2. Alvarado, citing *Castaneda v. Partida*, 430 U.S. 482, 97 S.Ct. 1272, 51 L.Ed.2d 498 (1977), argues that the jury selection process also denied him his right to equal protection under the Fourteenth Amendment to the United States Constitution. Alvarado, however, failed to show that an equal protection violation occurred. *See generally Castaneda*, 430 U.S. at 494, 97 S.Ct. at 1280.

(3) argue a lack of fingerprints linking him with the drug transaction.

Ordinarily, an appellant cannot raise an ineffective assistance of counsel claim for the first time on appeal because the trial record is insufficient to allow for review of the claim. *State v. Humphries*, 818 P.2d 1027, 1029 (Utah 1991). However, an appellant can raise such a claim if the trial record is adequate to permit determination of the issue and there is new counsel on appeal. *Id.; State v. Johnson*, 823 P.2d 484, 487 (Utah App.1991). Because the trial record is adequate and Alvarado is represented by new counsel, we reach the merits of the claim.

To establish an ineffective assistance of counsel claim, defendant must show, first, that counsel rendered a deficient performance that fell below an objective standard of reasonable professional judgment, and second, that counsel's deficient performance prejudiced defendant. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); *State v. Templin*, 805 P.2d 182, 186 (Utah 1990). The burden is on defendant to demonstrate that counsel's representation falls below an objective standard of reasonableness. *State v. Frame*, 723 P.2d 401, 405 (Utah 1986). Defendant must specifically identify the acts or omissions of counsel that fall outside the wide range of professionally competent assistance. *Strickland*, 466 U.S. at 690, 104 S.Ct. at 2066; *Frame*, 723 P.2d at 405. Furthermore, the claim must be sufficient to overcome the strong presumption that counsel rendered adequate assistance and exercised reasonable professional judgment. *Strickland*, 466 U.S. at 690, 104 S.Ct. at 2066; *Frame*, 723 P.2d at 405. To show that counsel's alleged deficiency was sufficiently prejudicial, defendant must affirmatively show that there is a "reasonable probability" that, but for counsel's errors, the result would have been different. *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068; *Frame*, 723 P.2d at 405. A reasonable probability is a probability sufficient to undermine confidence in the reliability of the verdict. *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068; *Frame*, 723 P.2d at 405.

In claiming that trial counsel failed to cross-examine witnesses in the manner he requested, Alvarado fails to specifically identify counsel's acts or omissions that allegedly fall below the wide range of professionally competent assistance. Therefore, the claim fails. Furthermore, we cannot accept after-the-fact claims that there was a conflict with counsel in the way he cross-examined witnesses unless defendant has made his disagreement with counsel apparent on the record. *See State v. Medina*, 738 P.2d 1021, 1023 (Utah 1987) (citing *State v. Wood*, 648 P.2d 71, 91 (Utah), *cert. denied*, 459 U.S. 988, 103 S.Ct. 341, 74 L.Ed.2d 383 (1982)).

As to his other two claims, the failure of the State to produce the money and the lack of fingerprints, Alvarado fails to show that, but for the alleged deficiencies of counsel, there exists a reasonable probability that the verdict would have been different. We therefore conclude that Alvarado was not denied his right to effective assistance of counsel.

In sum, Alvarado failed to establish a prima facie violation of the fair-cross-section requirement. Furthermore, Alvarado's statutory challenge of the jury selection process is untimely. Finally, Alvarado has failed to meet his burden of proof to show that he was denied his Sixth Amendment right to effective assistance of counsel. Accordingly, we affirm.

BENCH and RUSSON, JJ., concur.