2017 UT App 171

## THE UTAH COURT OF APPEALS

STATE OF UTAH,
Appellee,
*v.*
ERNEST ROBERT MILLER,
Appellant.

Opinion
No. 20160316-CA
Filed September 8, 2017

Fifth District Court, Cedar City Department
The Honorable John J. Walton
No. 151500169

Matthew D. Carling, Attorney for Appellant

Scott F. Garrett and Chad E. Dotson, Attorneys
for Appellee

JUDGE KATE A. TOOMEY authored this Opinion, in which JUDGES
GREGORY K. ORME and DAVID N. MORTENSEN concurred.

TOOMEY, Judge:

¶1   At the conclusion of a bench trial, Ernest Robert Miller was convicted of lewdness involving a child, a class A misdemeanor, for stepping out of his front door naked from the waist down, with his genitals partially exposed, to receive a newspaper from a twelve-year-old boy (Victim). Miller appeals, arguing that the evidence was insufficient to establish that his actions occurred in a public place or under circumstances such that Miller should have known his actions were likely to cause affront or alarm. We affirm.

¶2     Victim worked for a newspaper company delivering newspapers to various customers in Cedar City, including Miller.[1] Miller had previously requested that Victim place Miller's newspaper on his front porch. One morning, as Victim approached the front door to deliver the newspaper, Miller emerged and walked out onto the porch. Victim was startled to see that, although Miller was wearing a shirt, he was not wearing pants or underwear, partially exposing his genitals. Miller did not appear to have an erection. Victim "tried to look him in the face," handed Miller the newspaper, and left. He reported the incident to his parents, and his father contacted the police.

¶3     A police detective interviewed Miller, and Miller told the detective that he was out of town at the time. He "[d]enied any knowledge of the incident, saying that it never happened." Nevertheless, Miller was charged with lewdness involving a child, a class A misdemeanor, *see* Utah Code Ann. § 76-9-702.5(1) (LexisNexis Supp. 2016), and the case proceeded to a bench trial.

¶4     At trial, Miller testified he pays one dollar to each person who delivers his newspaper and asks that it be placed on his porch. He further testified that on the day in question, Victim "knocked on my door, rang the doorbell, knocked on the door, rang the doorbell." Miller went to answer the door. He acknowledged that he was not wearing pants when he encountered Victim but disputed that he exited the house. He added, "Why would I step outside naked? That's ridiculous."

---

1. We recite the facts in the light most favorable to the trial court's findings and verdict. *See State v. Larsen*, 2000 UT App 106, ¶ 2, 999 P.2d 1252; *State v. Harper*, 761 P.2d 570, 570 (Utah Ct. App. 1988). "We present conflicting evidence only as necessary to understand issues raised on appeal." *State v. Holgate*, 2000 UT 74, ¶ 2, 10 P.3d 346.

Instead, he testified, he concealed himself behind his front door and only reached his arm outside to take the paper from Victim. According to Miller, his body was not exposed at all, and Victim "never saw a thing."[2]

¶5     At the close of the State's evidence, Miller moved to dismiss the case on the basis that the State had not met its burden of proof. Miller's counsel argued that Miller's front porch "is a private place and . . . he was just quickly going to the door and this would not meet the elements, here." The trial court denied the motion, determining that Miller's porch was "either a public place, or . . . in the alternative, . . . that there [was] sufficient evidence that the circumstances were such that a person would know that they were likely to cause affront or alarm."

¶6     At the conclusion of trial, Miller renewed the motion to dismiss, which the trial court again denied. It found Victim's testimony credible and Miller's testimony "wholly incredible on many fronts": "Mr. Miller's statement, or his testimony, makes no sense and . . . it's something that's made up after the fact to try and cover up something that Mr. Miller did." The court found Victim "was alarmed by [the incident]" and "did the right thing by reporting it." The court convicted Miller and sentenced him to 364 days in jail, suspending 274 days of the sentence,[3] and this appeal ensued.

¶7     "When reviewing a bench trial for sufficiency of evidence, we must sustain the trial court's judgment unless it is against the

---

2. Miller did not explain how, if Victim "never saw a thing," Victim knew Miller was not wearing pants or underwear.

3. Judge John Walton conducted the trial. Judge Keith Barnes sentenced Miller.

clear weight of the evidence, or if the appellate court otherwise reaches a definite and firm conviction that a mistake has been made." *State v. Larsen*, 2000 UT App 106, ¶ 10, 999 P.2d 1252 (citation and internal quotation marks omitted). We may reverse only "when it is apparent that there is not sufficient competent evidence as to each element of the crime charged." *State v. Boyd*, 2001 UT 30, ¶ 13, 25 P.3d 985 (citation and internal quotation marks omitted).

¶8     Utah Code section 76-9-702.5 criminalizes certain conduct in the presence of a child, and it provides in relevant part:

> (1) A person is guilty of lewdness involving a child if the person . . . intentionally or knowingly does any of the following to, or in the presence of, a child who is under 14 years of age: . . .
>
> > (b) exposes his or her genitals . . . or the pubic area:
> >
> > (i) in a public place; or
> >
> > (ii) in a private place:
> >
> > > (A) under circumstances the person should know will likely cause affront or alarm; or
> > >
> > > (B) with intent to arouse or gratify the sexual desire of the actor or the child.

Utah Code Ann. § 76-9-702.5(1) (LexisNexis Supp. 2016).

¶9     Miller contends his front porch is not a public place within the meaning of the lewdness statute and that the circumstances involving Victim were such that he "would not know that his state of undress would likely cause the victim

affront or alarm." We assume without deciding that Miller's front porch was a private place and address only the trial court's alternative ruling that, under the circumstances, Miller should have known that exposing his genitals in a private place would "likely cause affront or alarm." *See id.* § 76-9-702.5(1)(b)(ii)(A).

¶10    Victim testified that when he saw Miller's exposed genitals, it "startled" him. In addition, Miller's own testimony supports the inference that he was aware that exposure of his genitals to visitors would not be well received: He explained, "I just don't step outside with no pants on. . . . Why would I step outside naked? That's ridiculous."[4] Miller further testified that when his "lady friends . . . come by," he always checks to see who is at the door before he lets them in and always closes the door while he puts on his pants. Thus, Miller's testimony suggests that he actually knew his conduct would cause alarm.

¶11    Miller never argued during his motion to dismiss, nor does he argue on appeal, that exposing one's genitals to a child would not cause the child to be alarmed. Rather, Miller argues that because he did not have an erection when he came onto the porch and because there was no evidence presented at trial that he exposed himself for sexual gratification, his conduct did not meet the statutory standard. But the statute does not require this. In fact, section 702.5 provides two scenarios in which a person may be convicted of lewdness involving a child in a private

_____

4. Miller's primary argument at trial was that he answered the door after Victim knocked and that he opened the door just enough to extend his head out and take the newspaper. According to Miller, Victim could not have known he was naked, because he concealed himself behind the door. But the court did not find Miller's testimony credible. On appeal, Miller does not challenge the sufficiency of the evidence as it relates to whether he exposed his genitals.

place, only one of which contemplates "intent to arouse or gratify the sexual desires of the actor." *See* Utah Code Ann. § 76-9-702.5(1)(b)(ii)(B). Miller was not convicted under this provision. Miller was convicted under a separate provision, which required the court to find that Miller exposed his genitals "under circumstances the person should know will likely cause affront or alarm." *See id.* § 76-9-702.5(1)(b)(ii)(A). Under this provision, whether the defendant intended to cause affront or alarm is immaterial; the evidence is sufficient "if it established that, under the circumstances, [the defendant] should have known his actions would likely cause affront or alarm." *Roosevelt City v. Anderson*, 2008 UT App 464U, para. 5.

¶12 Even if Miller did not actually know that his conduct would likely cause affront or alarm, Miller should have known that an adult man exposing his genitals to a twelve-year-old delivering a newspaper to his front porch would likely cause affront or alarm. This was not a situation in which nudity would be expected, such as at a gym locker room; the nudity occurred on Miller's front porch, a place where adult nudity is unexpected. *See Jenkins v. Commonwealth*, 308 S.W.3d 704, 714 (Ky. 2010) ("Male nudity in a men's locker room with showers is certainly not unusual, and standing alone, it is not likely to cause affront or alarm . . . ."); *State v. Jeffrey*, 400 S.W.3d 303, 306, 315 (Mo. 2013) (holding that a man standing naked in his front doorway or front window is "a situation in which one would not ordinarily expect to be confronted by nudity" and a situation which would cause a child affront or alarm).

¶13 We conclude there was sufficient evidence to prove Miller should have known that exposing his genitals on his front porch in the presence of a child would likely cause affront or alarm. We therefore affirm his conviction.

———————