**2024 UT App 138**

## THE UTAH COURT OF APPEALS

STATE OF UTAH,
Appellee,
*v.*
WESLEY WADE THOMPSON,
Appellant.

Per Curiam Opinion
No. 20230426-CA
Filed October 3, 2024

Third District Court, West Jordan Department
The Honorable L. Douglas Hogan
No. 201903785

Wesley Wade Thompson, Appellant Pro Se

Sean D. Reyes and Andrew F. Peterson,
Attorneys for Appellee

Before JUDGES MICHELE M. CHRISTIANSEN FORSTER, DAVID N.
MORTENSEN, and JOHN D. LUTHY.

PER CURIAM:

¶1      Wesley Wade Thompson appeals certain issues that he preserved when he entered a conditional guilty plea. This matter is before the court on Thompson's renewed motion for substitute counsel on appeal. Thompson's first motion asserted unspecified disagreements between him and his appellate counsel (Appellate Counsel). Thompson was permitted to renew the motion for substitute counsel if necessary after Appellate Counsel lodged a brief addressing the issues Thompson preserved for appeal.

¶2      Thompson first filed a motion for substitute counsel in December 2023, indicating that he disagreed with Appellate Counsel's strategy and that Appellate Counsel was not following Thompson's instructions. Because the disagreements were

unspecified, this court denied the motion "without prejudice to the filing of a motion to substitute counsel more specifically identifying the disputes that may warrant new counsel." Our order stated that "Thompson will have the opportunity to specifically identify what might be disagreements or difficulties that would support substitution of counsel." Appellate Counsel lodged a brief, and Thompson had the opportunity to review that brief and specifically identify grounds for substitute counsel. Thompson renewed his motion to substitute counsel, stating some disagreements with the brief. He has not, however, identified grounds that constitute good cause for substituting counsel.

¶3    An appellant "cannot be forced to proceed with incompetent counsel or counsel having a conflict of interests." *State v. Bakalov*, 1999 UT 45, ¶ 20, 979 P.2d 799. However, an appellant does not have an immutable right to counsel of his choice. *See id.* "While an indigent [appellant] has a right to have counsel appointed to represent him, he does not have a constitutional right to a lawyer other than the one appointed, absent good cause." *State v. Pursifell*, 746 P.2d 270, 272 (Utah Ct. App. 1987) (citation omitted). "Substitution of counsel is mandatory when [an appellant] has demonstrated good cause . . . ." *Id.* at 274. "It is well established that to warrant substitution of counsel, [an appellant] must show good cause, such as a conflict of interest, a complete breakdown in communication or an irreconcilable conflict . . . ." *State v. Lovell*, 1999 UT 40, ¶ 31, 984 P.2d 382 (cleaned up).

¶4    Thompson has not shown good cause for substitute appellate counsel. He has failed to show that Appellate Counsel is not qualified or not impartial, or that there is a complete breakdown in communication or an irreconcilable conflict. He identifies perceived deficiencies in the brief lodged by Appellate Counsel, including that some arguments were not fully developed and that Appellate Counsel has not addressed every issue that Thompson wants to address. However, the lodged brief

capably addresses significant issues preserved for appeal in the posture of a conditional guilty plea and uses essentially the entire permissible word count for briefs under our appellate rules.

¶5    Moreover, disagreements about which issues to raise on appeal and how to brief them do not constitute the sort of "irreconcilable conflict" that requires a substitution of appellate counsel. Even at the trial stage of a criminal case, "good cause for substitution of counsel cannot be determined solely according to the subjective standard of what the defendant perceives." *Pursifell*, 746 P.2d at 274 (cleaned up). And "a disagreement between a defendant and [the defendant's] attorney about a defense strategy does not rise to the level of good cause." *State v. Hale*, 2006 UT App 434U, para. 13, *cert. denied*, 168 P.3d 339 (Utah 2007). Then, "[c]onsidering [a defendant's] change in position from defendant to appellant," a person's "autonomy interests that survive a felony conviction" become even "less compelling" on appeal. *Martinez v. Court of Appeal of Cal., Fourth Appellate Dist.*, 528 U.S. 152, 163 (2000). This is largely because almost all decisions to be made on appeal qualify as defense strategy decisions over which counsel, not the client, has ultimate control. Thus, as our supreme court has explained, "appellate counsel is not obligated to raise every nonfrivolous issue on appeal and may 'winnow out' weaker claims in order to focus effectively on those more likely to prevail." *Lafferty v. State*, 2007 UT 73, ¶ 49, 175 P.3d 530 (cleaned up), *overruled on other grounds by McCloud v. State*, 2021 UT 51, 496 P.3d 179.

¶6    Because Thompson has failed to show that Appellate Counsel is not qualified or not impartial, that there has been a complete breakdown in communication, or that the subjects over which Thompson and Appellate Counsel disagree are something other than the type of strategy decisions that Thompson lacks the right to control, Thompson's renewed motion for substitute counsel is denied.

_____